**UNITED STATES of America, Appellee,**

v.

**Victor Luis ZILLER, Appellant.**

**No. 79–1395.**

United States Court of Appeals,
Ninth Circuit.

March 10, 1980.

* Honorable Jesse W. Curtis, United States District Judge, Central District of California, sitting by designation.

Charles Dresow, San Francisco, Cal., for appellant.

Sanford Svetcov, Asst. U. S. Atty., San Francisco, Cal., argued for appellee; John E. Burns, Asst. U. S. Atty., San Francisco, Cal., on brief.

Before TANG and FERGUSON, Circuit Judges, and CURTIS,* District Judge.

PER CURIAM.

The appellant Ziller was convicted in the district court of importation of and conspiracy to import cocaine. He appeals. We affirm.

On this appeal, Ziller challenges the introduction into evidence of a piece of paper which he contends was illegally seized from his wallet without a warrant.

Ziller was arrested outside the San Francisco airport and transported directly to the federal building, at which time agents searched Ziller's person. During the search, Ziller's wallet was taken from his person, opened and a slip of paper containing damaging evidence was removed therefrom. Appellant challenges neither the legality of the arrest nor the search of his person, but does challenge the warrantless search of his wallet.

We have on previous occasions in this circuit upheld warrantless wallet searches. *See, e. g., United States v. Gallop*, 606 F.2d 836 (9th Cir. 1979). Other circuits have held similarly, *United States v. Sheehan*, 583 F.2d 30 (1st Cir. 1978); *United States v. Swofford*, 529 F.2d 119 (8th Cir. 1976);

*United States v. Simpson*, 453 F.2d 1028 (10th Cir. 1972), *cert. denied*, 408 U.S. 925, 92 S.Ct. 2504, 33 L.Ed.2d 337 (1972); *United States v. Castro*, 596 F.2d 674 (5th Cir. 1979), *cert. denied*, 444 U.S. 963, 100 S.Ct. 448, 62 L.Ed.2d 375 (1979).

Appellant contends that these cases are not longer applicable in the light of *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977). In *Chadwick* the Supreme Court held invalid a warrantless search of a locked footlocker lawfully seized as incident to defendant's arrest but which was not immediately associated with him. But the Court expressly excluded from the *Chadwick* holding "searches of the person" of the accused, as in *United States v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973) and *United States v. Edwards*, 415 U.S. 800, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974). 433 U.S. at 16 n.10, 97 S.Ct. at 2486 n.10. In our view, a search of the person which produced the wallet being permissible under *Chadwick*, a search of the contents of the wallet is likewise permissible as being an incident to and a part of a personal search.

AFFIRMED.