UNITED STATES of America

v.

**Wanda A. BROWN, Appellant.**

**No. 81–1702.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Jan. 29, 1982.

Decided Feb. 16, 1982.

---

Joseph L. Steinfeld, Jr., Washington, D. C. (appointed by this Court), for appellant.

Frederick D. Baron, Asst. U. S. Atty., Washington, D. C., with whom Charles F. C. Ruff, U. S. Atty., John A. Terry and Douglas J. Behr, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before WALD, MIKVA, and GINSBURG, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

In this case, we again confront an evolving area of Fourth Amendment law. *See United States v. Russell*, 670 F.2d 323 (D.C. Cir.1982). The police received a telephone tip from a reliable informant that led to the arrest of Wanda A. Brown on a street corner. At the time the arresting officers confronted Brown, she placed between her knees a small, zippered leather pouch that she had been holding in her hand. An officer seized the pouch, unzipped it, and found inside packets containing a substance that testing revealed to be heroin. On appeal, Brown contests only the trial court's ruling, in response to her motion to suppress, that a warrant was not required to unzip the pouch. She concedes there was probable cause for her arrest and she also accepts the Government's argument that she was in effect under arrest when the pouch was seized.

The Government maintains that the rationale in *New York v. Belton*, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), reaches this case. We agree. *Belton* involved the search of a leather jacket seized from the back seat of a car after the police officer at the scene ordered the occupants out of the vehicle and arrested them for unlawful possession of marijuana. The arresting officer unzipped a pocket in the jacket and discovered cocaine. The Supreme Court held that the search was incident to a lawful arrest and therefore required no warrant.

Brown presses the argument that the pouch was searched after the police seized it and that she could not have retrieved its possession when the search occurred. Thus, she maintains, *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), precluded a warrantless search, for the police seizure put the object well beyond her "immediate control." *Belton*, Brown argues, has no application here since it supplies a rule and rationale applicable solely to automobile interiors. So limited, *Belton* would permit the police to unzip a pocket or pouch, incident to a lawful arrest, if the jacket or pouch rests on a car seat and is thus beyond the suspect's reach once he exits the vehicle on police command, but not if the jacket or pouch remains in the arrestee's grasp or within his reach as he stands on a street.

Our reading of Supreme Court precedent does not support the suggested distinction. *Belton* did "establish the workable rule" that objects located inside a car's passenger compartment are "within the arrestee's immediate control" within the meaning of *Chimel.* 101 S.Ct. at 2864, 2865. Of direct, indeed controlling, significance for this case, however, the *Belton* Court squarely rejected the "fallacious theory" that a warrantless search is ruled out once a police officer seizes an article from the arrestee, thus gaining "exclusive control" over it prior to the search. *Id.* at 2865 n.5. Under such a theory, the Court pointed out, no search "incident to a lawful custodial arrest would ever be valid." *Id.*

We therefore conclude that the *Belton* reasoning, interpreting *Chimel,* requires courts to focus on whether the search in question was undertaken as an integral part of a lawful custodial arrest process,* not on whether the arrest occurs on the street or in or outside a car, or the quality of the container seized and searched, or whether the suspect held the item in his grasp or could have reached for it at the moment of the arrest. So understood, *Belton* covers cases such as this one in which the search is contemporaneous with a lawful custodial arrest and is confined to containers in hand or within reach when the arrest occurs.

*Affirmed.*

---

* *See* 101 S.Ct. at 2865 (distinguishing the "luggage cases," *United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), and *Arkansas v. Sanders,* 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979), on the ground that neither involved, as *Belton* did, a contemporaneous search of a container incident to the arrest of its possessor).