[No. 5103-6-II.   Division Two.   May 18, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. ELLEN P. JOHNSTON, *Petitioner.*

*Craig Ritchie,* for petitioner.

*David Bruneau, Prosecuting Attorney,* for respondent.

PETRIE, J.—Ellen P. Johnston sought discretionary review of an order denying her pretrial motion to suppress marked currency taken from her purse shortly after she was arrested for embezzlement. We granted review and now reverse the order.

The only issue presented by this appeal is whether the police validly searched the defendant's purse and seized the marked money which they found therein. We hold the search of the purse was an unconstitutional invasion of Mrs. Johnston's right to be secure from unreasonable searches and seizures of property in which she had a clear expectation of privacy.

The findings of fact entered by the suppression hearing judge have not been challenged on appeal. The purse was found in a trailer office a short distance from the Windbreak Restaurant in Clallam County where Mrs. Johnston worked. It is conceded that the police had probable cause to arrest Mrs. Johnston in the trailer office. They also had permission of the owner of the premises to search *for* the purse. There can be no doubt that they also had probable cause to obtain a warrant to search Mrs. Johnston's purse after it had been found on the floor of a closet in the trailer office, a place other than where Mrs. Johnston had said it probably was.

The only real issue, therefore, is whether the search of the purse itself was constitutionally performed without the police having first obtained the search warrant.

The only conceivable justification for the search of the purse lies in the extent to which a recent opinion of the United States Supreme Court has expanded the scope of search incident to arrest, *New York v. Belton,* 453 U.S. 454, 69 L. Ed. 2d 768, 101 S. Ct. 2860 (1981). In *Belton,* police unzipped a pocket of Belton's jacket which they found in

the passenger compartment of a car in which Belton had been riding. They had previously arrested him for possession of marijuana when the police detected the odor of marijuana after they had stopped the vehicle for excess speeding. Inside the pocket of the jacket the police found cocaine which they seized. The seizure was upheld as a valid search incident to a valid arrest even though, at the time of discovery of the jacket and seizure of its contents, Belton was out of the car, had already been patted down, had been separated from other passengers of the car, and was on the side of the road under arrest.

██ It is apparent that *Belton* greatly expands the *scope* of a search incident to a probable cause arrest of a passenger in a vehicle lawfully stopped on a highway, but we do not find in *Belton* any indication to avoid the necessity for the intervention of an independent magistrate unless the exigencies of the situation make exemption of the warrant requirement imperative. Indeed, in a case decided the same date as *Belton,* the court adhered to the necessity of a magistrate's intervention based essentially on the reasonableness of the expectation of privacy inherent in the specific item searched. *Robbins v. California,* 453 U.S. 420, 69 L. Ed. 2d 744, 101 S. Ct. 2841 (1981). Although no clear majority in *Robbins* could agree upon a so-called "bright-line" test to ascertain what type of containers are inherently private—and thus not subject to search without a warrant—nevertheless, it was determined that police unconstitutionally searched a sealed opaque plastic bag which had been found in a recessed luggage compartment of a station wagon which had been lawfully stopped on a highway.

The rationale for the so-called vehicle-on-a-highway exception to the search rule, *i.e.,* that a search warrant is the required prerequisite to a search, is that under some circumstances the exigencies of the situation imperatively require an exemption from the rule. We do not find in the circumstances of this arrest any factors which warranted the police search *of* the purse. They validly searched *for* the

purse and seized it. Having seized it they could have sought the independent judgment of a magistrate as to whether or not they had probable cause to search it. This they did not do. The fact is that the detective to whom the purse was brought simply dumped the contents on a table, unzipped a side pocket, found currency therein and, with the aid of a "black light," examined the currency.

It would be difficult to define an object more inherently private than the contents of a woman's purse. Most certainly there was a reasonable expectation of privacy in the contents of Mrs. Johnston's purse. There were no exigent circumstances warranting an immediate investigatory search.

The order denying the suppression of the evidence found in the search of Mrs. Johnston's purse is reversed, and this cause is remanded with direction, at the discretion of the prosecution, to proceed with trial.

PETRICH, A.C.J., and WORSWICK, J., concur.