[No. 4971-0-III.   Division Three.   June 23, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. WARREN W. GARCIA, *Appellant.*

*Greg Lawless,* for appellant.

*Curtis Ludwig, Prosecuting Attorney,* and *Ray R. Whitlow, Deputy,* for respondent.

Roe, C.J.—Warren W. Garcia appeals his conviction for possession of cocaine. RCW 69.50.401(d).

Garcia was arrested for criminal trespass in Richland, Washington. He does not attack the validity of the arrest. The police conducted a pat–down search at the scene for weapons and took him to the station. Although it was not decided whether Garcia would be held in jail, he was put through the standard booking process with the exception of filling out a medical information sheet. As a part of the process, an officer searched Garcia's wallet and discovered a small quantity of cocaine plus a razor blade. He was placed in a jail cell for a short time and released from custody approximately 3½ hours after he arrived at the station.

Garcia unsuccessfully moved to suppress the cocaine as evidence of an illegal search. Having been convicted, he alleges it was error to admit it.

■ This was a search pursuant to a lawful arrest.

> One exception to the warrant requirement is that warrantless searches may be made incident to lawful custodial arrests. *United States v. Robinson,* 414 U.S. 218, 38 L. Ed. 2d 427, 94 S. Ct. 467 (1973). A further exception is that once an accused is lawfully arrested and is in custody, the effects in his possession at the place of detention that were subject to search at the time and place of his arrest may be lawfully searched and seized without a warrant, even though a substantial period of time elapsed between the arrest and the administrative processing. *United States v. Edwards,* 415 U.S. 800, 39 L. Ed. 2d 771, 94 S. Ct. 1234 (1974).

*State v. Carner,* 28 Wn. App. 439, 444, 624 P.2d 204 (1981). Nevertheless, Garcia argues the cocaine should have been

suppressed because it was discovered in a search before the police had decided to detain him, citing *Carner. Carner* is distinguishable. There, the defendant had been booked and his pockets had been searched. *After the police decided to release the defendant,* an officer conducted another search in which he discovered the eventually suppressed evidence. The Court of Appeals found the additional search was unreasonable and noted it was not motivated by customary police procedures. Here, there was no decision to release Garcia prior to the wallet search. The police were following standard booking practice. Although the police eventually decided to release him, Garcia was placed in a cell for a short time after the search. Since it occurred before the officers decided to release Garcia, *Carner* does not apply. The cocaine was discovered in a valid search pursuant to a lawful custodial arrest.

▮ Garcia next suggests a wallet must be inventoried as a unit and it was unlawful to search its contents without a warrant. Generally, if a person is lawfully arrested, a subsequent search of his wallet at the station is valid. *State v. Hammond,* 24 Wn. App. 596, 598, 603 P.2d 377 (1979) (citing *United States v. Edwards,* 415 U.S. 800, 39 L. Ed. 2d 771, 94 S. Ct. 1234 (1974)). Garcia argues this rule was changed by *United States v. Monclavo–Cruz,* 662 F.2d 1285 (9th Cir. 1981), which held the defendant had a recognized expectation of privacy in her purse. The court found the warrantless station house search of her purse an hour after her arrest was not justified as a search incident to arrest, as a search of the person after arrest, or as an inventory search. *United States v. Chadwick,* 433 U.S. 1, 53 L. Ed. 2d 538, 97 S. Ct. 2476 (1977) was extensively cited. We do not find *Monclavo–Cruz* authority for Garcia's position because that court distinguished between a purse and a wallet. In dicta, the court adhered to prior cases which approved warrantless wallet searches of lawfully arrested persons, *United States v. Passaro,* 624 F.2d 938 (9th Cir. 1980); *United States v. Ziller,* 623 F.2d 562 (9th Cir. 1980), and rejected the State's argument a purse should be treated

as a wallet. The court acknowledged there was "a fine line between a wallet on the person and a purse within the arrestee's immediate control . . .", but found there was a distinction. *Monclavo–Cruz,* at 1290. We do not need to express agreement or disagreement with *Monclavo–Cruz;* it obviously does not control this case.

Wallet searches are a normal aspect of an inventory search.

> An inventory, to be sure, is a "search" within the meaning of the Fourth Amendment, but it is a search for purposes different from those which attend a search incident to arrest. The inventory search, which the courts have upheld rather consistently, has these objectives: (1) to protect the arrestee's property while he is in jail; (2) to protect the police from groundless claims that they have not adequately safeguarded the defendant's property; (3) to safeguard the detention facility by preventing the introduction therein of objects which could be used to attempt an escape or by which harm might be done to some prisoner; and (4) to ascertain or verify the identity of the person being incarcerated.

(Footnotes omitted.) 2 W. LaFave, *Search and Seizure* § 5.3(a), at 306–07 (1978). Here, in addition to narcotics, the search disclosed a razor blade, a potentially dangerous item. Without the search this would not have been discovered. Since inventory searches of wallets serve important purposes, we reject the contention they must be inventoried as a unit.

The evidence need not be suppressed because it was discovered in a search pursuant to a lawful arrest.

The judgment of the trial court is affirmed.

GREEN and McINTURFF, JJ., concur.

Reconsideration denied July 18, 1983.

Review denied by Supreme Court October 21, 1983.