[No. 11000–1–III.   Division Three.   May 30, 1991.]

THE STATE OF WASHINGTON, *Respondent,* v. CLAYTON
DONALD SMITH, *Appellant.*

*John A. Maxwell* and *Meyer, Fluegge & Tenney,* for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Charles Hanify, Deputy,* for respondent.

SHIELDS, A.C.J.—Clayton Smith was found guilty of possession of cocaine. He appeals, contending the State's evidence should have been suppressed as fruit of an illegal search. We reverse the decision denying suppression, vacate the conviction and dismiss the charge.

On March 30, 1990, a Yakima police officer drove her patrol car toward a gathering of young people in a parking lot at the intersection of 44th Avenue and Nob Hill Boulevard in Yakima. As the officer approached, Mr. Smith, then 20, moved away from the crowd with a beer bottle in his hand. The officer got out of her patrol car and ordered him to halt, but he started to run. As she chased him, he threw the beer bottle away. The officer finally wrestled him to the ground, handcuffed him, and arrested him for opening or consuming liquor in a public place.

Mr. Smith had been wearing a leather fanny pack around his waist. During the scuffle, the fanny pack came off. The officer retrieved it after she cuffed Mr. Smith. She then secured Mr. Smith in the backseat of the patrol car and put the fanny pack on the front seat. A short time later, after making a radio report and retrieving the discarded beer bottle as well as several others, the officer returned to the patrol car, unzipped the fanny pack and examined its contents. She found a scale with cocaine residue, a pipe and some packages of marijuana, and several plastic baggies.

Mr. Smith moved to suppress the contents of the fanny pack as the fruit of an illegal search. The court denied the motion, ruling that the search was incident to a lawful arrest. The court found the officer was authorized to make the warrantless search of the contents of the fanny pack because it was a personal item akin to a wallet and closely associated with clothing, citing *State v. White,* 44 Wn. App.

276, 722 P.2d 118, *review denied,* 107 Wn.2d 1006 (1986) and *State v. LaTourette,* 49 Wn. App. 119, 741 P.2d 1033 (1987), *review denied,* 109 Wn.2d 1025 (1988). The court then found Mr. Smith guilty on stipulated facts.

■ There is a presumption warrantless searches are per se unreasonable and violate constitutional protections. *State v. Leach,* 113 Wn.2d 735, 738, 782 P.2d 1035 (1989). The burden rests firmly on the State to establish one of the "'carefully delineated'" exceptions to the warrant requirement. *Leach,* at 738; *White,* at 277. Although Mr. Smith acknowledges a search incident to a lawful arrest is an accepted exception, he contends that exception does not apply because there was no reason to believe he could open the fanny pack to gain access to a weapon or destroy evidence.

■ Mr. Smith first assigns error to finding of fact 8 which states:

> At the patrol car, and after placing the defendant under arrest, [the officer] placed the defendant inside the patrol car and shortly thereafter conducted a search of the waist purse.

When the findings of a suppression hearing are of great significance to a reviewing court, the constitutional rights at issue require the appellate court to make an independent evaluation of the evidence. *State v. Mennegar,* 114 Wn.2d 304, 309–10, 787 P.2d 1347 (1990). Here, there is evidence which suggests the officer placed Mr. Smith in the patrol car, then spent some 9 to 17 minutes on the radio and retrieving beer bottles before returning to her car to search the contents of the fanny pack. With this time frame in mind, we turn to the legal issues.

After a valid, custodial arrest, the officer may conduct a full search of the person without additional justification. *Mennegar,* at 314; *State v. Ringer,* 100 Wn.2d 686, 674 P.2d 1240 (1983), *overruled in part in State v. Stroud,* 106 Wn.2d 144, 151, 720 P.2d 436 (1986); *see also* 2 W. LaFave, *Search and Seizure* § 5.2 (2d ed. 1987). A search "of a person" involves an investigation of the arrestee's clothing, including further search of small containers, which are

found in it. This court has upheld the search of: a wallet, *State v. Garcia,* 35 Wn. App. 174, 665 P.2d 1381, *review denied,* 100 Wn.2d 1019 (1983); a small plastic cosmetic case found in the defendant's pocket, *White*; a soft bag found in the arrestee's pants pocket, *LaTourette*; and an arrestee's purse found in her vehicle in which a passenger remained after she had been secured in the patrol car, *State v. Fladebo,* 113 Wn.2d 388, 779 P.2d 707 (1989).[1] Thus, the issue is whether this case law should be extended to a container which, at the time of seizure, is not attached to the person and the search of which takes place at the convenience of the arresting officer after the arrestee has been secured. Our disposition of this issue depends upon analysis of the three legal theories which, separately or in conjunction with each other, justify a warrantless search incident to an arrest.

First, after an arrest has occurred, there is a diminished expectation of privacy of the person which includes personal possessions closely associated with the suspect's clothing. *White,* at 278 (citing *United States v. Monclavo–Cruz,* 662 F.2d 1285 (9th Cir. 1981)). However, as further noted in *White,* the court distinguishes between items found on the person from other items separate from the person, including purses, briefcases or luggage, all of which have a greater expectation of privacy. *See White,* at 279 (comparing *State v. Hammond,* 24 Wn. App. 596, 603 P.2d 377 (1979) and *State v. Hehman,* 14 Wn. App. 770, 544 P.2d 1257 (1976), *rev'd on other grounds,* 90 Wn.2d 45, 578 P.2d 527 (1978), with *Monclavo–Cruz,* which found the search of a purse more than 1 hour after arrest improper). Here, the State argues the fanny pack is similar to a wallet or a pocket. Mr. Smith contends it is similar to a purse,

---

[1]Other jurisdictions have upheld the search of a fanny pack as part of a frisk under *Terry v. Ohio,* 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968); *People v. Carlson,* 187 Cal. App. 3d Supp. 6, 233 Cal. Rptr. 236, 247 (1986), and as an incident to an arrest when the fanny pack was first around the suspect's waist and then placed by him on his motorcycle, *United States v. Garcia,* 909 F.2d 389 (9th Cir. 1990).

which arguably is accorded a heightened degree of privacy. We decline to decide whether a fanny pack is a wallet or purse. Rather, we decide the issue bearing in mind the fact the fanny pack was separated from its owner, was at all times under the exclusive control of the arresting officer, and was not searched until she was ready to transport Mr. Smith to the station.

The second legal basis for conducting a warrantless search after an arrest involves exigent circumstances. In *State v. Johnston,* 31 Wn. App. 889, 892, 645 P.2d 63 (1982), the court suppressed evidence found in the arrestee's purse, which was seized in the office where the arrest occurred and then searched without a warrant. The court held there were no exigent circumstances which justified a warrantless search of the purse because of its heightened expectation of privacy. *Johnston,* at 892. The record here discloses there were no exigent circumstances which justified the search of the fanny pack; in contrast, the search was done at the officer's convenience after passage of appreciable time.

Third, a warrantless search of the arrestee's immediate zone of control may be made because of concern for the arresting officer's safety and/or the preservation of evidence. *Fladebo,* at 396 (citing *Chimel v. California,* 395 U.S. 752, 762–63, 23 L. Ed. 2d 685, 89 S. Ct. 2034 (1969)). In *Fladebo,* the court first noted the purse was an unlocked container; therefore, it did not fall within the heightened privacy expectation noted in *Stroud* with respect to locked containers found in an automobile. The court then upheld the search because a passenger remained in the automobile and the arrestee had not been removed from the scene, even though she was secured in the back of the patrol car. The court concluded the search was reasonable because it followed closely on the heels of the arrest. However, in *Fladebo,* the search was conducted immediately after the officer seized the purse. Here, the fanny pack was also an unlocked container. However, it was seized after being separated from Mr. Smith during the scuffle and picked up

from the ground by the arresting officer. Thus, from the moment of Mr. Smith's arrest, the fanny pack was in the immediate control of the arresting officer. A warrantless search of property, in which there is a greater expectation of privacy, seized at the time of arrest cannot be justified as incident to that arrest if the personal property is in the exclusive control of the arresting officer and there is no danger the arrestee may gain access to it. *United States v. Chadwick,* 433 U.S. 1, 15, 53 L. Ed. 2d 538, 97 S. Ct. 2476 (1977); *Monclavo–Cruz,* at 1287.

Had the fanny pack remained on Mr. Smith's person, we believe it could have been subjected to a valid search as an incident to Mr. Smith's arrest. Had Mr. Smith asked for the return of the fanny pack, the officer would have been authorized to search it before returning it to him. However, once the fanny pack was secure in the front seat of the patrol car, it was removed entirely from Mr. Smith's control. The search of its contents was no longer an incident of his arrest.

Mr. Justice Stewart, in *Coolidge v. New Hampshire,* 403 U.S. 443, 481, 29 L. Ed. 2d 564, 91 S. Ct. 2022, *reh'g denied,* 404 U.S. 874, 30 L. Ed. 2d 120, 92 S. Ct. 26 (1971), made an observation which seems particularly applicable to the present case:

> The warrant requirement has been a valued part of our constitutional law for decades, and it has determined the result in scores and scores of cases in courts all over this country. It is not an inconvenience to be somehow "weighed" against the claims of police efficiency. It is, or should be, an important working part of our machinery of government, operating as a matter of course to check the "well–intentioned but mistakenly over–zealous executive officers" who are a part of any system of law enforcement.

(Footnote omitted.)

The search of Mr. Smith's fanny pack was unconstitutional. Evidence obtained as the result of an unconstitutional search must be suppressed. *State v. Boland,* 115 Wn.2d 571, 582, 800 P.2d 1112 (1990).

The court's decision denying the motion to suppress is reversed and the conviction vacated. Because there is no independent evidence Mr. Smith was in possession of a controlled substance, the case is dismissed.

MUNSON and THOMPSON, JJ., concur.