[No. 58374-9.   En Banc.   September 10, 1992.]

THE STATE OF WASHINGTON, *Petitioner*, v. CLAYTON
DONALD SMITH, *Respondent*.

676

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *C. Bruce Hanify, Deputy,* for petitioner.

*John A. Maxwell, Jr.* (of *Meyer, Fluegge & Tenney, P.S.*), for respondent.

*Lenell Nussbaum* on behalf of Washington Association of Criminal Defense Lawyers, amicus curiae for respondent.

JOHNSON, J. — This case requires us to determine whether a search of an arrestee's "fanny pack" or "waist purse"[1] is reasonable where the search is contemporaneous with the arrest and the arrestee was wearing the fanny pack just prior to the arrest. The trial court found Clayton D. Smith guilty of possession of cocaine, based on evidence found during a search of his fanny pack. The Court of Appeals concluded that the search was unreasonable, vacated the conviction and dismissed the charge. *State v. Smith*, 61 Wn. App. 482, 483, 810 P.2d 982 (1991). We hold that the search was reasonable under the Fourth Amendment as a search incident to arrest. We therefore reverse the Court of Appeals and reinstate the conviction.

On March 30, 1990, Yakima police officer Elaine Gonzales was patrolling in a marked police car. Gonzales spotted a large group of juveniles in a parking lot near an elementary

---

[1] Each party uses a different term. The Court of Appeals used "fanny pack", and we adopt this terminology.

school. As she approached this group, she noticed bottles of wine coolers and beer on the ground. Smith moved away from the group and began running when Gonzales got out of her car. Gonzales yelled at Smith to stop and began running after him. She noticed that Smith had a beer bottle in his hand. He threw the bottle away as Gonzales chased him. Gonzales also noticed Smith was wearing a black leather fanny pack around his waist. Gonzales caught up with Smith and tackled him. The fanny pack fell off during the struggle. She then arrested Smith for opening or consuming liquor in a public place.

Gonzales handcuffed Smith and retrieved both the fanny pack and one of Smith's shoes. She walked back to her car, placed Smith in the backseat and put the fanny pack on the front seat. At some point Gonzales consulted briefly with another officer at the scene, left the car to pick up full beer bottles that were lying on the ground, and reported via radio that she had a person in custody. She also may have performed a radio warrant check, although she does not remember doing so.

Gonzales eventually searched the fanny pack in her car, uncovering a pipe, some packages of marijuana, several plastic baggies, and a scale with cocaine residue. According to the Court of Appeals, the search occurred between 9 and 17 minutes after the arrest. Prior to trial Smith moved to suppress the evidence seized from the fanny pack on the grounds that there were no exigent circumstances to justify the officer's warrantless search. The trial court found that the search was reasonable as being incident to arrest, denied the motion and subsequently found Smith guilty of possession of cocaine.

The Court of Appeals reversed the trial court. *Smith,* 61 Wn. App. at 483. The Court of Appeals held that the search could not be justified as a search incident to arrest because the fanny pack was in the exclusive control of the arresting officer at the time of the search. *Smith,* 61 Wn. App. at 487.

Because the Court of Appeals misinterpreted current federal law, we reverse.[2]

■ A warrantless search is presumed unreasonable except in a few established and well-delineated exceptions. *Katz v. United States*, 389 U.S. 347, 357, 19 L. Ed. 2d 576, 88 S. Ct. 507 (1967). A search incident to a lawful arrest is such an exception. *United States v. Robinson*, 414 U.S. 218, 224, 38 L. Ed. 2d 427, 94 S. Ct. 467 (1973). Smith does not challenge the lawfulness of his arrest. Therefore our inquiry is limited to whether the search was incident to that arrest.

The Court of Appeals gave two reasons for deciding that the search could not be justified as being incident to arrest. First, the court found there were no exigent circumstances that justified the search. *Smith*, 61 Wn. App. at 486. Second, the court concluded that the search could not be justified as incident to arrest because the fanny pack was in the exclusive control of the arresting officer and there was no danger Smith might gain access to the pack. *Smith*, 61 Wn. App. at 487. To support its conclusion, the court relied on *United States v. Chadwick*, 433 U.S. 1, 53 L. Ed. 2d 538, 97 S. Ct. 2476 (1977). *See Smith*, 61 Wn. App. at 487.

In *Chadwick*, officers arrested three individuals for suspicion of narcotics violations. At the time of the arrests, two of the arrestees were standing next to the open trunk of a car. The officers suspected that a footlocker in the trunk contained narcotics. The police seized the footlocker and transported it to a nearby federal building. Officers searched the footlocker over an hour and a half after the arrests. *Chad-*

---

[2]We decide this case solely under the Fourth Amendment. The parties have not asked us to determine whether article 1, section 7 of the Washington Constitution provides greater protection in this situation than does the Fourth Amendment, nor have they briefed the *Gunwall* factors. *See State v. Gunwall*, 106 Wn.2d 54, 720 P.2d 808, 76 A.L.R.4th 517 (1986) (listing six nonexclusive factors for determining when the state constitution provides greater protection than does its federal counterpart). Amicus raises *Gunwall*, but does not analyze this case in light of the six factors. Absent adequate briefing of the *Gunwall* factors, we will not address the state constitutional issue. *State v. Wethered*, 110 Wn.2d 466, 472, 755 P.2d 797 (1988).

*wick,* 433 U.S. at 4. The Supreme Court ruled that the search was unreasonable, concluding that

> [o]nce law enforcement officers have reduced luggage or other personal property not immediately associated with the person of the arrestee to their exclusive control, and there is no longer any danger that the arrestee might gain access to the property to seize a weapon or destroy evidence, a search of that property is no longer an incident of the arrest.

*Chadwick,* 433 U.S. at 15.

The Court of Appeals relied on that reasoning from *Chadwick* in reaching its conclusion that the search of Smith's fanny pack was not incident to his arrest. *See Smith,* 61 Wn. App. at 487. In so doing, however, the court failed to consider the Supreme Court's more recent holding in *New York v. Belton,* 453 U.S. 454, 69 L. Ed. 2d 768, 101 S. Ct. 2860 (1981).

In *Belton,* a police officer stopped a car for a traffic violation and subsequently arrested its occupants for possession of marijuana. After the arrest, the officer found cocaine in a jacket on the backseat of the car. The defendant moved to suppress the cocaine at trial, but the court denied the motion. The New York Court of Appeals, relying on *Chadwick,* reversed the trial court and found the search unreasonable. *Belton,* 453 U.S. at 461-62. The Supreme Court reversed the Court of Appeals and ruled that the search of the jacket was a valid search incident to arrest. *Belton,* 453 U.S. at 462-63. The Court distinguished *Chadwick* on the grounds that *Chadwick* did not involve even "an arguably valid search incident to a lawful custodial arrest" because the search occurred "more than an hour" after the arrest. *Belton,* 453 U.S. at 462. In contrast, the search of Belton's jacket "followed immediately upon that arrest". *Belton,* 453 U.S. at 462. A search is thus incident to an arrest only if the two are contemporaneous.

The Court in *Belton* specifically rejected the argument that the officer's "exclusive control" of the jacket rendered the search unconstitutional. *Belton,* 453 U.S. at 461 n.5. Thus, for searches that are contemporaneous with the

arrest, *Belton* eliminated the "exclusive control" holding of *Chadwick. United States v. Morales,* 923 F.2d 621, 627 (8th Cir. 1991); *United States v. Johnson,* 846 F.2d 279, 282 (5th Cir.), *cert. denied,* 488 U.S. 995, 102 L. Ed. 2d 587, 109 S. Ct. 562 (1988); *United States v. Litman,* 739 F.2d 137, 139 (4th Cir. 1984); 2 W. LaFave, *Search and Seizure* § 5.5(a), at 535 (2d ed. 1987). Therefore our Court of Appeals' reliance upon that aspect of *Chadwick* was misplaced.

The Court in *Belton* ruled that officers who have made a lawful arrest of a car occupant may search any container found within the passenger compartment of that automobile. *Belton,* 453 U.S. at 460.[3] The Court reasoned that:

> "The authority to search the person incident to a lawful custodial arrest, while based upon the need to disarm and to discover evidence, does not depend on what a court may later decide was the probability in a particular arrest situation that weapons or evidence would in fact be found upon the person of the suspect. A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification."

*Belton,* 453 U.S. at 461 (quoting *United States v. Robinson,* 414 U.S. at 235). Thus *Belton* also eliminated the *Chadwick* requirement that a search incident to arrest be justified by separate exigent circumstances. *United States v. Porter,* 738 F.2d 622, 627 (4th Cir.), *cert. denied,* 469 U.S. 983, 83 L. Ed. 2d 323, 105 S. Ct. 389 (1984); 2 W. LaFave, *supra* at 535. Our Court of Appeals' holding to the contrary is, therefore, erroneous.

---

[3]Although *Belton* involved the search of an automobile, the Court did not base its decision on the "automobile exception" to the warrant requirement. *See Belton,* 453 U.S. at 462 n.6. Most federal courts interpret the *Belton* rule as applying to all searches incident to arrest, including those not involving automobiles. *See, e.g., United States v. Porter,* 738 F.2d 622 (4th Cir.), *cert. denied,* 469 U.S. 983, 83 L. Ed. 2d 323, 105 S. Ct. 389 (1984); *United States v. Palumbo,* 735 F.2d 1095 (8th Cir.), *cert. denied,* 469 U.S. 934, 83 L. Ed. 2d 268, 105 S. Ct. 332 (1984); *United States v. Burnette,* 698 F.2d 1038 (9th Cir.), *cert. denied,* 461 U.S. 936, 77 L. Ed. 2d 312, 103 S. Ct. 2106 (1983); *United States v. Roper,* 681 F.2d 1354 (11th Cir. 1982), *cert. denied sub nom. Newton v. United States,* 459 U.S. 1207, 75 L. Ed. 2d 440, 103 S. Ct. 1197 (1983); *United States v. Brown,* 671 F.2d 585 (D.C. Cir. 1982).

■ As a matter of federal law, the Court of Appeals erred in relying on *Chadwick* in this case. Pursuant to *Belton,* a search incident to arrest is valid under the Fourth Amendment: (1) if the object searched was within the arrestee's control when he or she was arrested; and (2) if the events occurring after the arrest but before the search did not render the search unreasonable. *United States v. Turner,* 926 F.2d 883, 887 (9th Cir.), *cert. denied,* ___ U.S. ___, 116 L. Ed. 2d 73, 112 S. Ct. 103 (1991) (citing *United States v. Fleming,* 677 F.2d 602, 607 (7th Cir. 1982)). We now apply this analysis to the facts of this case.

■ The first question is whether the fanny pack was in Smith's control when Officer Gonzales arrested him. An arrestee does not have to be in actual physical possession of an object for that object to be within his control for search incident to arrest purposes. In *United States v. Fleming,* 677 F.2d 602 (7th Cir. 1982), two suspects were carrying paper bags when police arrested them. During the "excitement of the arrests", each suspect dropped his bag. *Fleming,* 677 F.2d at 606. The bags were on the ground next to the arrestees at the actual moment of arrest. Nonetheless, the Seventh Circuit ruled that the bags were in the arrestees' control at the time of arrest. *Fleming,* 677 F.2d at 607. Similarly, the District of Columbia Circuit has ruled that a suspect is in control of an object for the purposes of a search incident to arrest as long as the object is within the suspect's reach immediately prior to the arrest. *See United States v. Brown,* 671 F.2d 585, 587 (D.C. Cir. 1982). The Ninth Circuit has also ruled that objects are within the control of the arrestee even though the arrestee is not physically holding the object at the moment of arrest. *See Turner,* 926 F.2d at 888 (upholding search of plastic baggies that were under arrestee's pillow); *United States v. Andersson,* 813 F.2d 1450, 1455 (9th Cir. 1987) (upholding search of closed suitcase that was on the bed next to arrestee). An object is, therefore, within the control of an arrestee for the purposes of a search incident to an arrest as long as the

object was within the arrestee's reach immediately prior to, or at the moment of, the arrest.

Smith was wearing the fanny pack when Gonzales tackled him. The fanny pack fell off during the struggle that preceded the arrest, and was within "one or two steps" of Smith at the time of the arrest. Thus Smith was in actual physical possession of the fanny pack just prior to the arrest, and the fanny pack was within his reach at the moment of arrest. For search incident to arrest purposes, therefore, the fanny pack was in his control at the time of arrest.

The second question is whether events occurring after the arrest but before the search made the search unreasonable. Smith argues that two events made the search of the fanny pack unreasonable. First, he asserts that the fact that he was handcuffed and in the back of the police car when Gonzales opened his bag rendered the search unreasonable. Second, Smith argues that the time delay that occurred between his arrest and Gonzales' search resulted in the search being unreasonable, as the search was no longer contemporaneous with the arrest. We reject both of these arguments.

■ The fact that a suspect is handcuffed in the back of a police car when a search occurs does not necessarily make the search unreasonable. In *Turner*, the police arrested the suspect in one room, handcuffed him, and moved him to a different room. Officers then searched the original room of arrest. The Ninth Circuit upheld the search as being incident to the arrest even though the arrestee was handcuffed in the other room. *Turner*, 926 F.2d at 888. The court found that the officers' action in removing the arrestee from the room prior to the search was a reasonable safety precaution, and that to hold otherwise would be to impose a rule "entirely at odds with safe and sensible police procedures." *Turner*, 926 F.2d at 888 (quoting *United States v. Fleming*, 677 F.2d 602, 607 (7th Cir. 1982)).

Similarly, once she arrested Smith, Officer Gonzales acted reasonably in taking steps necessary to assure her safety.

Gonzales' actions were reasonable because Smith initially tried to run away, he disobeyed Gonzales' order to stop, and because the arrest occurred in a parking lot filled with a large group of people. Handcuffing Smith and placing him in the back of the police car prior to any search of the fanny pack were reasonable actions under those circumstances. Therefore the fact that Smith was handcuffed in the back of the police car during the search does not make that search unreasonable. *See Turner,* 926 F.2d at 888; *see also United States v. White,* 871 F.2d 41 (6th Cir. 1989) (search of arrestee's car reasonable even after arrestee was handcuffed and placed in back of police car).

■ Smith also argues that the delay between the arrest and the search rendered the search unreasonable. The trial court found that the search occurred "shortly" after the arrest. The Court of Appeals determined that "some 9 to 17 minutes" elapsed between the arrest and the search. *Smith,* 61 Wn. App. at 484. Even if the Court of Appeals is correct, a delay of 17 minutes between the arrest and the search is not per se unreasonable. *See Porter,* 738 F.2d at 627 (search still reasonable even though it occurred 15 minutes after arrest). At some point, a significant delay between the arrest and the search renders the search unreasonable because it is no longer contemporaneous with the arrest. *See Chadwick,* 433 U.S. at 15-16 (delay of "more than an hour" was too long); *United States v. Vasey,* 834 F.2d 782, 786 (9th Cir. 1987) (delay of 30 to 45 minutes is unreasonable). A delay of 17 minutes is not unreasonable, however, where the delay results solely from the officer's reasonable actions designed to secure the premises and to protect herself and the public.[4]

In this case, all of the actions leading to the delay were reasonable. First, Officer Gonzales left the car to pick up several full bottles of beer lying on the ground. This action was reasonable because there were many juveniles in the parking lot and the lot was near an elementary school.

---

[4]We do not hold that a 17-minute delay between arrest and search can never be unreasonable. Whether a search is reasonable depends on the facts of the individual case. *Vasey,* 834 F.2d at 787-88.

Second, Gonzales consulted with another officer on the scene concerning whether the situation was under control. Given the large number of people in the parking lot, this consultation was reasonable. Third, Gonzales used her radio to report that she had someone in custody. This is her normal procedure and is reasonably designed to keep others informed of her situation. Finally, Gonzales may have performed a radio warrant check. This, too, is normal procedure and is a reasonable method of determining the potential dangerousness of the arrestee. Thus this case does not involve delay caused by unnecessarily time-consuming activities unrelated to the securing of the suspect and the scene. Officer Gonzales' activities were all incident to the arrest and, under the facts of this case, the delay was reasonable.

The officer's actions in this case were reasonable within the meaning of the Fourth Amendment, and the search was valid as a search incident to a lawful arrest. We therefore reverse the Court of Appeals, affirm the trial court, and reinstate the conviction.[5]

DORE, C.J., and UTTER, BRACHTENBACH, DOLLIVER, ANDERSEN, DURHAM, SMITH, and GUY, JJ., concur.

---

[5]The State also argues that evidence from the fanny pack was admissible under the inevitable discovery rule as enunciated in *Nix v. Williams,* 467 U.S. 431, 81 L. Ed. 2d 377, 104 S. Ct. 2501 (1984). Washington courts have not adopted the inevitable discovery rule. *State v. Feller,* 60 Wn. App. 678, 682, 806 P.2d 776, *review denied,* 117 Wn.2d 1005 (1991). Because we find the search of the fanny pack was valid as a search incident to arrest, we do not address the State's argument on this question.