229 P.3d 824 (2010)
STATE of Washington, Respondent,
v.
Shirley A. JOHNSON, Appellant.
No. 27422-5-III.
Court of Appeals of Washington, Division 3.
February 23, 2010.
Publication Ordered April 22, 2010.
*825 Mark Erik Lindsey, Spokane County Prosecuting Attorneys, Spokane, WA, for Respondent.
Janet G. Gemberling, Julia Anne Dooris, Gemberling & Dooris PS, Spokane, WA, for Appellant.
KULIK, C.J.
¶ 1 Shirley Johnson was convicted of one count of possession of a controlled substance following a bench trial. Ms. Johnson appeals her conviction, alleging that the court erred by denying her motion to suppress the evidence. She contends her arrest for driving while license suspended in the third degree was a pretextual arrest that violated article I, section 7 of the Washington Constitution. Ms. Johnson also challenges her conviction under Arizona v. Gant, ___ U.S. ___, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009).
¶ 2 We affirm the conviction.

FACTS
¶ 3 On September 6, 2007, while on routine patrol, Officer Mike Suniga noted Ms. Johnson's *826 vehicle on the highway and ran a routine check of the vehicle license plates. Officer Suniga noticed nothing suspicious about Ms. Johnson's vehicle. Officer Suniga was preparing to turn onto another highway when dispatch advised him that the registered owner's license was suspended. Officer Suniga then initiated a traffic stop as Ms. Johnson was pulling into a gas station parking lot. Ms. Johnson exited her vehicle with her purse and confirmed her identity as the registered owner of the vehicle. Officer Suniga arrested Ms. Johnson for driving with license suspended in the third degree (DWLS), handcuffed her, and placed her in the back of his patrol car. Officer Suniga then searched her purse and vehicle incident to arrest. Ms. Johnson's purse contained a purple bag containing a glass pipe with burnt residue. The purple bag contained a blue, semi-transparent plastic container with two small baggies containing a white crystalline substance that field-tested positive for methamphetamine. Officer Suniga then advised Ms. Johnson she was also under arrest for possession of a controlled substance.
¶ 4 Ms. Johnson made a motion before the trial court to suppress the evidence on grounds that her arrest for DWLS was a pretext to search her.[1] At the suppression hearing, on direct examination, Officer Suniga testified that he searched Ms. Johnson and the property she had on her, incident to arrest and according to department policy, to protect him from weapons and to prevent contraband from entering the jail. On cross-examination, Officer Suniga testified:
A. . . . A typical suspended stop is I stop the driver to determine if they are suspended, ask them to exit their vehicle, advise them they are under arrest; I place them in handcuffs, search them incident to arrest, and place them in the backseat of my patrol car.
Q. So you search them?
A. Yes, sir.
Q. Regardless of whether you're going to let them go?
A. I haven't made that determination yet.
Q. But you search them regardless of whether or not you're going to let them go?
A. Incident to arrest, yes, sir.
Q. All right. Now, you don't let them go when you find drugs on them, right?
A. No, sir.
Q. People you don't find drugs on, you let go?
A. I issue them a criminal citation and release them.
Q. Okay. You let them go. . . . You're looking to search them when you've stopped them for DWLS, right?
A. I search them incident to custodial arrest.
Q. That's part of your intent in stopping, is to search them, right?
A. No, sir. I stop them because they're committing a crime, and I arrest them for that crime.
Q. Okay. And you know that you're going to search them when you stop them?
A. That's part of procedure, yes.
Q. All right. So part of your intent when you pull someone over for driving with license suspended is to search them?
Q. I  I guess when you put it this  that way, yes, I 
Q. All right.
A.  search them incident to arrest.
Report of Proceedings (June 5, 2008) (RP) at 20-21. Officer Suniga further testified:
Q. All right. Now, you're not just looking for weapons. You're looking for drugs; you're looking for any evidence of a crime that you might find, correct?
A. That's a full and complete search, sir.
Q. So is that a "yes"?
A. Searching a person incident to arrest is for searching that person for weapons and contraband if I do choose to take them to jail.
. . . .

*827 Q. So you're . . . doing a full-blown I-want-to-find-something kind of search, right?
A. When I  you search a person incident to arrest, yes, to make sure they don't  something doesn't get by you in the backseat of your car.
RP at 22-23. He also testified that he searches incident to arrest for DWLS to look for Department of Licensing paperwork that confirms an arrestee knows their license is suspended, but admitted he needed no such evidence to cite or arrest Ms. Johnson. On redirect, Officer Suniga testified that it was jail policy to conduct a search of items taken to jail with a person in order to prevent contraband from entering the jail.
¶ 5 The trial court denied Ms. Johnson's motion to suppress and found her guilty of one count of possession of a controlled substance. This appeal followed.

ANALYSIS
¶ 6 Pretextual Stop. First, Ms. Johnson challenges the trial court's finding that "[t]here was no evidence presented to support the defendant's claim that she was stopped, placed under custodial arrest and/or searched incident to arrest in a law enforcement effort to discover evidence of a crime or contraband unrelated to the stop." Clerk's Papers (CP) at 62. This court reviews findings of fact related to a motion to suppress under the substantial evidence standard. State v. Montes-Malindas, 144 Wash.App. 254, 259, 182 P.3d 999 (2008). "Substantial evidence is `evidence sufficient to persuade a fair-minded, rational person of the truth of the finding.'" Id. (quoting State v. Mendez, 137 Wash.2d 208, 214, 970 P.2d 722 (1999), overruled on other grounds by Brendlin v. California, 551 U.S. 249, 127 S.Ct. 2400, 168 L.Ed.2d 132 (2007)).
¶ 7 Officer Suniga repeatedly testified that his reason for stopping Ms. Johnson was the dispatch report that the license of the vehicle's registered owner was suspended. Furthermore, when viewing the testimony that Ms. Johnson emphasizes in context, the record indicates that Officer Suniga's intent to search Ms. Johnson was knowledge that he would search her incident to arrest and pursuant to department policy. Obviously, if drugs or other contraband were discovered incident to arrest, an officer would choose, as in this case, to retain custody of the arrestee. Finally, Officer Suniga repeatedly testified the purpose of the search was to prevent weapons and contraband from entering the jail.
¶ 8 Accordingly, substantial evidence supports the trial court's finding.
¶ 9 Second, Ms. Johnson challenges the trial court's conclusions that (1) she was lawfully arrested when her purse was searched, and (2) there is no evidence that the traffic stop was conducted for any pretextual reasons. This court reviews conclusions of law pertaining to suppression of evidence de novo. Id. Ms. Johnson contends her arrest was a pretext to search for evidence of an unrelated crime and violated article I, section 7 of the Washington Constitution.[2]
¶ 10 Warrantless searches and seizures are per se unreasonable and violate article I, section 7 of the Washington Constitution unless an exception applies. One such exception is a search incident to arrest. But an officer may not arrest a person as a pretext to search for evidence. Accordingly, "`a traffic infraction may not be used as a pretext to stop to investigate for a sufficient reason to search even further.'" Montes-Malindas, 144 Wash.App. at 259, 182 P.3d 999 (quoting State v. Ladson, 138 Wash.2d 343, 353, 979 P.2d 833 (1999)). "A pretextual stop occurs when an officer stops a vehicle in order to conduct a speculative criminal investigation unrelated to the driving, and not for the purpose of enforcing the traffic code." State v. Nichols, 161 Wash.2d 1, 8, 162 P.3d 1122 (2007). If a stop is determined to be pretextual, all evidence following the stop must be suppressed. Montes-Malindas, 144 *828 Wash.App. at 259, 182 P.3d 999 (quoting Ladson, 138 Wash.2d at 359, 979 P.2d 833).
¶ 11 To determine whether a traffic stop is a pretext for accomplishing a search, "`the court should consider the totality of the circumstances, including both the subjective intent of the officer as well as the objective reasonableness of the officer's behavior.'" Montes-Malindas, 144 Wash.App. at 260, 182 P.3d 999 (quoting Ladson, 138 Wash.2d at 359, 979 P.2d 833). "To satisfy an exception to the warrant requirement, the State must show that the officer, both subjectively and objectively, is actually motivated by a perceived need to make a community caretaking stop aimed at enforcing the traffic code." Id. "The Ladson court recognized that an officer's candid admission to pretextual conduct is more probative than the denial of the conduct." Id. at 261, 182 P.3d 999 (citing Ladson, 138 Wash.2d at 359, 979 P.2d 833).
¶ 12 Certain traffic offenses, such as driving with a suspended license in the first, second, and third degrees, are criminal offenses. State v. Reding, 119 Wash.2d 685, 688-89, 691, 835 P.2d 1019 (1992) (citing LAWS OF 1979, 1st Ex. Sess., ch. 136, § 2, codified as RCW 46.63.020); RCW 46.20.342.[3] Accordingly, a police officer having probable cause to believe that a person has committed or is committing the offense of driving a vehicle while his or her license is suspended or revoked has authorization to place the driver under custodial arrest without a warrant. RCW 10.31.100(3)(e);[4]State v. Gaddy, 152 Wash.2d 64, 70, 93 P.3d 872 (2004).
¶ 13 Police are not required to make a full custodial arrest for the crime of driving with a suspended or revoked license. Officers may opt instead to issue a citation and notice to appear in court. RCW 46.64.015; CrRLJ 2.1(b)(1).[5] A citation and notice to appear releases a defendant on his or her personal *829 recognizance after a noncustodial arrest has been made. State v. Doolittle, 69 Wash.2d 744, 750, 419 P.2d 1012 (1966).
¶ 14 In State v. Pulfrey, 154 Wash.2d 517, 520, 526, 111 P.3d 1162 (2005), under facts almost identical to the facts in this case, our Supreme Court concluded the plain language of RCW 10.31.100, RCW 46.64.015, and CrRLJ 2.1, when read together, allows officers to arrest a person for DWLS and then exercise discretion to retain the person in custody or cite and release. The court stated:
Deputy Alvarez arrested people for driving while license suspended, as he is authorized to do, and then later discussed with them the possibility of release with a citation and promise to appear in court. In this case, the process was truncated by the discovery of methamphetamine, possession of which is a felony. This discovery eliminated the possibility of release.
If discretion may be exercised at some point after the arrest and any search incident to it, then we need not decide, and do not decide, whether officers must exercise discretion in every situation. It is enough [Deputy] Alvarez could have exercised that discretion after the arrest, as he said he often does, but did not need to after discovering evidence of a felony.
Pulfrey, 154 Wash.2d at 527, 111 P.3d 1162 (first emphasis added). The court also concluded that the traffic stop did not violate Washington public policy. Id. at 527-28, 111 P.3d 1162. The court refused to consider the defendant's claim that his arrest violated article I, section 7 based on his failure to raise the issue at trial. Id. at 529, 111 P.3d 1162. Ms. Johnson raised this issue at trial and now asks this court to consider it on grounds that the traffic stop here was pretextual. Most cases of pretextual traffic stops decided by this court follow the pattern of the arresting officer having a suspicion of nontraffic related criminal activity and subsequently following an arrestee's vehicle until a traffic infraction occurs, initiating the stop, and discovering evidence of an unrelated crime during a search incident to arrest. See, e.g., Montes-Malindas, 144 Wash.App. at 261-63, 182 P.3d 999; State v. Myers, 117 Wash.App. 93, 94-95, 69 P.3d 367 (2003); State v. DeSantiago, 97 Wash.App. 446, 452-53, 983 P.2d 1173 (1999). The facts here do not fall within the classic pattern; the trial court found Officer Suniga's testimony credible, that he possessed no suspicions regarding Ms. Johnson's vehicle when he began following it. Likewise, Officer Suniga had probable cause of DWLS when he initiated the stop. Furthermore, the stop appears objectively reasonable since Officer Suniga, lacking suspicions of erratic driving, was about to cease following Ms. Johnson's vehicle when he was informed that its registered owner's license was suspended; thus, giving him probable cause for the stop.
¶ 15 Accordingly, we conclude that the totality of the circumstances indicates that the traffic stop was not a pretextual stop in violation of article I, section 7.
¶ 16 Arizona v. Gant. Ms. Johnson contends her conviction must be reversed based on Gant. Rodney Gant was arrested for driving with a suspended license. Mr. Gant was handcuffed and locked in the back of the patrol car. Officers searched his car and discovered cocaine in the pocket of a jacket on the backseat. Gant, 129 S.Ct. at 1714. The court concluded that searching the vehicle violated the Fourth Amendment because Mr. Gant could not have accessed his car to retrieve weapons or evidence at the time of the search and the officers had no possibility of discovering offense-related evidence without conducting the search. Id. at 1719-20. The court stated that "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." Id. at *830 1723 (emphasis added). Gant applies retroactively to all similarly situated defendants in Washington. State v. McCormick, 152 Wash. App. 536, 540, 216 P.3d 475 (2009).
¶ 17 Gant is not applicable here because Gant applies to warrantless searches of vehicles incident to arrest. Here, Officer Suniga contacted Ms. Johnson as she was exiting her car. Ms. Johnson exited the car with her purse. Ms. Johnson was arrested for driving with a suspended licensed, then her person was searched and she was handcuffed and placed in the officer's patrol car. The officer then searched the purse. The police did not obtain her purse by searching the vehicle. In Gant, the item was left inside the car, and the Supreme Court treated the search as a vehicle search.
¶ 18 The search here is not a vehicle search. A search incident to arrest is an exception to the warrant requirement. State v. Smith, 119 Wash.2d 675, 678, 835 P.2d 1025 (1992). And a search incident to the arrest of a person may include those items that are immediately associated with the person. See id. at 677-78, 835 P.2d 1025. A search incident to arrest is valid under the Fourth Amendment (1) if the object searched was within the arrestee's control when he or she was arrested, and (2) if the events occurring after the arrest but before the search did not render the search unreasonable. Id. at 681-82, 835 P.2d 1025.
¶ 19 Applying Smith here, the search was reasonable. Ms. Johnson exited her vehicle with her purse and confirmed her identity. She was arrested, placed in the back of the patrol car, and her purse was searched. The purse was in her control when she was arrested, and the search was not unreasonable.
¶ 20 In conclusion, we hold that the trial court did not err by denying the motion to suppress the evidence found in Ms. Johnson's purse. The search of the purse was proper. We affirm the conviction for possession of a controlled substance.
WE CONCUR: SWEENEY and BROWN, JJ.
NOTES
[1] Ms. Johnson also challenged the scope of the search under the Fourth Amendment and article I, section 7. She does not challenge the scope on appeal.
[2] Article I, section 7 provides: "No person shall be disturbed in his private affairs, or his home invaded, without authority of law."
[3] RCW 46.20.342(1)(c) provides that a person is guilty of driving while license is suspended in the third degree, a misdemeanor, if at the time of the offense his or her license was suspended or revoked solely because "(i) the person must furnish proof of satisfactory progress in a required alcoholism or drug treatment program, (ii) the person must furnish proof of financial responsibility for the future as provided by chapter 46.29 RCW, (iii) the person has failed to comply with the provisions of chapter 46.29 RCW relating to uninsured accidents, (iv) the person has failed to respond to a notice of a traffic infraction, failed to appear at a requested hearing, violated a written promise to appear in court, or has failed to comply with the terms of a notice of traffic infraction or citation, as provided in RCW 46.20.289, (v) the person has committed an offense in another state that, if committed in this state, would not be grounds for the suspension or revocation of the person's driver's license, (vi) the person has been suspended or revoked by reason of one or more of the items listed in [RCW 46.20.342(1)(b) (such as having been convicted of drunken or reckless driving)] but was eligible to reinstate his or her driver's license or driving privilege at the time of the violation, or (vii) the person has received traffic citations or notices of traffic infraction that have resulted in a suspension under RCW 46.20.267 relating to intermediate drivers' licenses, or any combination of (i) through (vii)."
[4] RCW 10.31.100(3) states, in pertinent part:

Any police officer having probable cause to believe that a person has committed or is committing a violation of any of the following traffic laws shall have the authority to arrest the person:
. . . .
(e) RCW 46.20.342, relating to driving a motor vehicle while operator's license is suspended or revoked.
[5] RCW 46.64.015 provides, in pertinent part:

Whenever any person is arrested for any violation of the traffic laws or regulations which is punishable as a misdemeanor or by imposition of a fine, the arresting officer may serve upon him or her a traffic citation and notice to appear in court. . . . The detention arising from an arrest under this section may not be for a period of time longer than is reasonably necessary to issue and serve a citation and notice, except that the time limitation does not apply under any of the following circumstances: (1) Where the arresting officer has probable cause to believe that the arrested person has committed any of the offenses enumerated in RCW 10.31.100(3).
CrRLJ 2.1(b)(1) provides:
Whenever a person is arrested or could have been arrested pursuant to statute for a violation of law which is punishable as a misdemeanor or gross misdemeanor the arresting officer, or any other authorized peace officer, may serve upon the person a citation and notice to appear in court.
CrRLJ 2.1(b)(2) provides the following release factors to aid police in exercising discretion whether to issue a citation or to make a custodial arrest:
(i) whether the person has identified himself or herself satisfactorily;
(ii) whether detention appears reasonably necessary to prevent imminent bodily harm to himself, herself, or another, or injury to property, or breach of the peace;
(iii) whether the person has ties to the community reasonably sufficient to assure his or her appearance or whether there is substantial likelihood that he or she will refuse to respond to the citation and notice; and
(iv) whether the person previously has failed to appear in response to a citation and notice issued pursuant to this rule or to other lawful process.