[No. 29056-5-III.   Division Three.   July 19, 2011.]

THE STATE OF WASHINGTON, *Appellant*, v. LISA ANN BYRD, *Respondent*.

*James P. Hagarty, Prosecuting Attorney,* and *Kevin G. Eilmes, Deputy,* for appellant.

*Susan M. Gasch* (of *Gasch Law Office*), for respondent.

¶1 KULIK, C.J. — We recently held in *State v. Johnson*[1] that the controlling principles laid out in the United States Supreme Court's opinion in *Arizona v. Gant*[2] applied to the search of a vehicle incident to arrest but not to the search of a purse incident to arrest. We now conclude that we were wrong. Here, the defendant sat handcuffed in a patrol car while police searched her purse. The trial judge suppressed the drug evidence found in her purse based on *Gant*. We affirm that decision and the judgment dismissing the prosecution.

## FACTS

¶2 Yakima Police Officer Jeff Ely stopped a Honda Civic for displaying stolen license plates. Officer Ely arrested the driver on an outstanding warrant. The driver told the officer that the car belonged to the passenger, Lisa Byrd.

¶3 Officer Ely approached Ms. Byrd. She was sitting in the front passenger seat with a purse on her lap. Officer Ely ordered Ms. Byrd out of the car. He removed the purse from her lap and placed it on the ground outside the car. He arrested Ms. Byrd for possession of stolen property, handcuffed her, and put her in a patrol car. He then searched Ms. Byrd's purse and found methamphetamine and glass pipes with drug residue.

¶4 Ms. Byrd was charged with possession of a controlled substance. She moved to suppress the drug evidence, arguing that the search of her purse violated *Gant* and *State v. Valdez*.[3] The trial court concluded that the search incident to arrest exception did not authorize the warrantless search of Ms. Byrd's purse. It suppressed the drug evidence and

---

[1] *State v. Johnson*, 155 Wn. App. 270, 281, 229 P.3d 824, *review denied*, 170 Wn.2d 1006 (2010).

[2] *Arizona v. Gant*, 556 U.S. 332, 343-44, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009).

[3] *State v. Valdez*, 167 Wn.2d 761, 224 P.3d 751 (2009).

dismissed the charge against Ms. Byrd. The State appeals the suppression ruling.

## DISCUSSION

¶5 The State relies on our recent decision in *Johnson* for the proposition that *Gant* does not apply here. In *Johnson*, we indeed held that *Gant* controls the search of a vehicle incident to arrest but not the search of a purse incident to arrest. *Johnson*, 155 Wn. App. at 281. We now conclude that we were wrong.

¶6 In *Johnson*, the defendant was stopped for driving with a suspended license. *Id.* at 274. She got out of the car with her purse in hand. *Id.* Police arrested and handcuffed her, and placed her in a patrol car. The arresting officer then searched her purse and found methamphetamine. *Id.* The defendant's suppression motion was denied, and she was convicted of possession of a controlled substance. *Id.* at 276. She appealed and urged us to reverse based on the holding in *Gant*. *Id.* at 281. We concluded that *Gant* did not apply because it "applies to warrantless searches of vehicles incident to arrest." *Id.* We concluded that *State v. Smith*,[4] a 1992 Washington Supreme Court case involving the search of a fanny pack incident to arrest, applied and that the search of the defendant's purse was proper under *Smith*. *Johnson*, 155 Wn. App. at 282.

¶7 *Smith*, however, is based on a seminal case on the issue of a warrantless search of a vehicle incident to arrest—*New York v. Belton*, 453 U.S. 454, 101 S. Ct. 2860, 69 L. Ed. 2d 768 (1981). *Smith* concluded that *Belton* eliminated the "requirement that a search incident to arrest be justified by separate exigent circumstances." *Smith*, 119 Wn.2d at 680. It states, "*Belton* ruled that officers who have made a lawful arrest of a car occupant may search any container found within the passenger compartment of that automobile." *Id. Smith* then declared that "[p]ursuant to

---

[4] *State v. Smith*, 119 Wn.2d 675, 678, 835 P.2d 1025 (1992).

*Belton*, a search incident to arrest is valid under the Fourth Amendment: (1) if the object searched was within the arrestee's control when he or she was arrested; and (2) if the events occurring after the arrest but before the search did not render the search unreasonable." *Id.* at 681. The *Smith* court applied this test to the facts before it and held that the search of a secured arrestee's fanny pack was reasonable where the arrestee was wearing the fanny pack just before his arrest and the search was contemporaneous with the arrest. *Id.* at 676.

¶8 But in 2009, the United States Supreme Court in *Gant* rejected the well-accepted interpretation that *Belton* authorizes the search of a vehicle incident to a recent occupant's arrest after the arrestee has been secured and cannot access the inside of the vehicle. *Gant*, 556 U.S. at 343. The Court reaffirmed that the search incident to arrest exception "derives from interests in officer safety and evidence preservation." *Id.* at 338. It then narrowed the scope of the search incident to arrest exception to include only an arrestee's person and the area within his or her immediate control, which is defined as " 'the area from within which [the arrestee] might gain possession of a weapon or destructible evidence.' " *Id.* at 339 (quoting *Chimel v. California*, 395 U.S. 752, 763, 89 S. Ct. 2034, 23 L. Ed. 2d 685 (1969)). It noted, "If there is no possibility that an arrestee could reach into the area that law enforcement officers seek to search, both justifications for the search-incident-to-arrest exception are absent and the rule does not apply." *Id. Gant*, therefore, limits *Belton*, in relevant part, to authorizing the "search [of] a vehicle incident to a recent occupant's arrest only when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search." *Id.* at 343.

¶9 In short, the test announced in *Smith* and applied in *Johnson* is based on a rejected interpretation of *Belton*, an interpretation that *Gant* overruled. We are bound by *Gant*'s interpretation of *Belton*. *Valdez*, 167 Wn.2d at 780 (J.M. Johnson, J., concurring). And, while the State argues that

*Gant* should not apply because it involved the search of a vehicle incident to arrest, *Gant* and *Belton* simply applied the general rules of the search incident to arrest exception set out in *Chimel* to the automobile context. A search incident to an arrest is a search incident to an arrest whether the object searched is a car or a purse.

¶10 *Chimel* did not involve the search of a vehicle. And it "continues to define the boundaries of the [search incident to arrest] exception, ensur[ing] that the scope of a search incident to arrest is commensurate with its purposes of protecting arresting officers and safeguarding any evidence of the offense of arrest that an arrestee might conceal or destroy." *Gant*, 556 U.S. at 339.

¶11 Under *Chimel*, then, the search incident to arrest exception permits an officer to perform a warrantless search of an arrestee and the area within his or her immediate control when an arrest is made. *Chimel*, 395 U.S. at 762-63. This type of warrantless search is justified only by interests in officer safety and the preservation of evidence. *Id.* But such a search is unreasonable where the interests justifying it are absent. *Id.* at 768. That is, an officer may not, without a warrant, search an object that the arrestee cannot reach at the time of the search. *Gant*, 556 U.S. at 343; *Chimel*, 395 U.S. at 763-64, 768.

¶12 Here, Ms. Byrd was secured in a patrol car when her purse was searched. She had no way to access the purse at that time. And the arresting officer was not concerned that she could access a weapon or destroy evidence. The justifications for the search incident to arrest exception, then, did not exist here. The exception did not apply. And the warrantless search of Ms. Byrd's purse violated the Fourth Amendment.

¶13 We affirm the trial court's order suppressing the fruit of the search and the judgment dismissing the prosecution.

SWEENEY, J., concurs.

¶14 BROWN, J. (dissenting) — Lisa Byrd was sitting in the passenger side of her car when Officer Jeff Ely approached to arrest her for investigation of the stolen license plate on her car. Ms. Byrd's purse was in her lap. Officer Ely ordered her out of the car and removed her purse from her lap. After he arrested her and placed her in a patrol car, he searched the purse for contraband and weapons and found contraband. I do not see how this violates *Arizona v. Gant*, 556 U.S. 332, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009) or the principles we enunciated in *State v. Johnson*, 155 Wn. App. 270, 229 P.2d 824, *review denied*, 170 Wn.2d 1006 (2010).

¶15 Certainly, under *Gant*, the purse was within Ms. Byrd's reach and could even be described as on her person, not only at the stop but at the time of arrest. This case, like *Johnson*, is much like *State v. Smith*, 119 Wn.2d 675, 678, 835 P.2d 1025 (1992), where Mr. Smith's fanny pack fell off during the arrest process and was determined to have been lawfully seized and searched. Here, automobile registration evidence may have been found in Ms. Byrd's purse bearing on the stolen license plates. The purse search was temporally as "contemporaneous" in Ms. Byrd's case as was the search in *Smith*. After all, an officer cannot perform all arrest functions simultaneously.

¶16 I would reverse the order suppressing Ms. Byrd's purse, and I see no reason to disapprove *Johnson*. Accordingly, I respectfully dissent.

Review granted at 173 Wn.2d 1001 (2011).