FILED
COURT OF APPEALS
DIVISION II

2013 DEC 31 AM 9: 15

STATE OF WASHINGTON

BY_____
        DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | | |
|---|---|---|
| STATE OF WASHINGTON, | | No. 42960-8-II |
| Respondent, | | |
| v. | | UNPUBLISHED OPINION |
| RACHEL JANET RIDER, | | |
| Appellant. | | |

McCARTHY, J.P.T.[1] — Rachel Rider appeals her conviction for unlawful possession of a controlled substance. She argues that (1) the trial court erred in denying her motion to suppress the controlled substance found in her purse because the search was not justified by concerns for officer safety or destruction of evidence, (2) the trial court abused its discretion when it denied her motion to exclude testimony that the arresting officer initially contacted her in response to a shoplifting complaint, and (3) the trial court abused its discretion when it denied her motion to stay her sentence pending appeal. Consistent with our Supreme Court's recent decision in *State v. Byrd*, __ Wn.2d __, 310 P.3d 793 (2013), we hold that the search of Rider's purse was lawful because it was immediately associated with her person at the time of her arrest. We further hold that Rider cannot show that the admission of the shoplifting testimony materially affected the

---

[1] Judge John A. McCarthy is serving as judge pro tempore of the Court of Appeals, Division II, under CAR 21(c).

outcome of her trial and that the trial court did not abuse its discretion when it denied her motion

to stay her sentence pending appeal. We affirm.

FACTS

On February 5, 2011, a Chehalis police officer responded to a shoplifting complaint at a

Wal-Mart store. One of the store's loss prevention employees informed the officer that Rider

had placed several items in her purse while shopping at the store and that when Rider proceeded

to the cash register she did not pay for them.

The officer contacted Rider in the Wal-Mart loss prevention office where store personnel

had detained her. She was seated on a bench and her purse was either in her lap or on a table

about an arm's length from where she was seated. The officer arrested her and, while carrying

her purse, escorted her out of the store, seated her inside his patrol vehicle, and closed the door.

The officer then searched Rider's purse on the trunk of his patrol car and found four pills

later identified as diazepam inside a closed, over-the-counter medication container. When asked

about the pills, Rider told the officer that they were generic Valium and that she did not have a

prescription for the medication.

The State charged Rider with unlawful possession of a controlled substance under RCW

69.50.4013.[2] Before trial, Rider moved to suppress the diazepam found in her purse. She argued

that under *State v. Byrd*, 162 Wn. App. 612, 258 P.3d 686 (2011), *rev'd*, 310 P.3d 793, the

officer's search of her purse was unlawful because the purse was not within her reach at the time

---

[2] RCW 69.50.4013(1) provides, "It is unlawful for any person to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his or her professional practice, or except as otherwise authorized by this chapter. Diazepam is a schedule IV controlled substance. RCW 69.50.210(b)(15).

of the search; therefore, no officer safety or evidence preservation concerns justified the search.[3] The trial court denied the motion, ruling that the diazepam was discovered as the result of a valid search incident to arrest. In explaining its ruling, the trial court concluded that the search incident to arrest exception to the warrant requirement "is still recognized under the Washington State Supreme Court's holding in *State v. Smith*, 119 Wn.2d 675[, 678, 835 P.2d 1039] (1992)" and therefore the trial court declined to follow *Byrd*. Clerk's Papers at 50.

Before trial, Rider moved to prevent the State from presenting any evidence that she was arrested or detained for theft. The trial court denied the motion. It ruled that the State could introduce evidence that Rider was contacted for suspicion of theft but not evidence that she was arrested for theft. At trial, the arresting officer testified that he contacted Rider at Wal-Mart where she had been detained on suspicion of theft.

The jury found Rider guilty of unlawful possession of a controlled substance and the trial court sentenced her to 30 days' confinement. Rider moved to stay the imposition of her sentence pending appeal because the trial court declined to follow *Byrd*, which at that time was on review with our Supreme Court. The trial court denied the motion to stay and Rider appealed that ruling and her convictions.

Following oral argument, we stayed this case pending our Supreme Court's decision in *Byrd*. On October 10, 2013, our Supreme Court filed its opinion in *Byrd* in which it reversed Division Three's decision and held that no specifically articulated officer safety or evidence preservation concerns were required to justify the search of Byrd's purse because the search was

---

[3] Rider also argued that the State did not have probable cause to arrest her, but she does not raise this issue on appeal.

3

part of a lawful search incident to arrest. 310 P.3d at 796-800. In light of this decision, we review Rider's appeal.

ANALYSIS

I.    SEARCH INCIDENT TO ARREST

Rider argues that the search of her purse violated the Fourth Amendment to the United States Constitution and article I, section 7 of the Washington State Constitution because the officer's search was not justified by concerns for officer safety or evidence preservation. We hold that under our Supreme Court's recent decision in *Byrd*, because Rider's purse was immediately associated with her person at the time of arrest, no specific showing of officer safety or evidence preservation was required to justify the search and the pills were discovered as a result of a lawful search incident to arrest. 310 P.3d at 796-800.

We review a trial court's findings of fact related to a suppression motion for substantial evidence. *State v. Levy*, 156 Wn.2d 709, 733, 132 P.3d 1076 (2006). Substantial evidence is evidence sufficient to persuade a rational, fair-minded person of the finding's truth. *Levy*, 156 Wn.2d at 733. We review conclusions of law from an order on a suppression motion de novo. *Levy*, 156 Wn.2d at 733. Rider assigns error to three of the trial court's findings of fact but fails to provide any argument or citations to the record in support of her claim that those findings were not supported by substantial evidence. Accordingly, we decline to address these assignments of error. RAP 10.3(a)(6); *see also State v. Thomas*, 150 Wn.2d 821, 874, 83 P.3d 970 (2004) (absent supporting argument or citations to relevant authority, an assignment of error is waived). The unchallenged and improperly challenged findings are verities on appeal. *State v. O'Neill*, 148 Wn.2d 564, 571, 62 P.3d 489 (2003); *State v. Jacobson*, 92 Wn. App. 958, 964 n.1, 965 P.2d 1140 (1998).

The Fourth Amendment to the United States Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." Article I, section 7 of the Washington Constitution provides that "[n]o person shall be disturbed in his private affairs, or his home invaded, without authority of law." Because "[a]rticle I, section 7 is more protective of individual privacy than the Fourth Amendment, . . . we turn to it first when both provisions are at issue." *Byrd*, 310 P.3d at 795. "Under article I, section 7, a warrantless search is per se unreasonable unless the State proves that one of the few 'carefully drawn and jealously guarded exceptions' applies." *Byrd*, 310 P.3d at 795 (quoting *State v. Ortega*, 177 Wn.2d 116, 122, 297 P.3d 57 (2013)).

One such exception is a search incident to lawful arrest. *Smith*, 119 Wn.2d at 678. "Washington law has long recognized the validity of searching a defendant and the property immediately within his or her control without a warrant in the process of making an arrest." *State v. Ellison*, 172 Wn. App. 710, 719, 291 P.3d 921 (2013) (citing *State v. Nordstrom*, 7 Wash. 506, 509–10, 35 P. 382 (1893) (defendant's boots, socks, cap, and memo book were properly taken upon arrest), *affirmed sub nom.*, *Nordstrom v. State of Washington*, 164 U.S. 705, 17 S.Ct. 997, 41 L.Ed. 1183 (1896)), *petition for review filed*, No. 88397-1 (Wash. Feb. 8, 2013).

Our Supreme Court recently reiterated this principle in *Byrd*. In that case, Byrd was arrested for possession of stolen property after a police officer confirmed that the car in which she was riding had stolen license plates. *Byrd*, 310 P.3d at 795. At the time of arrest, Byrd sat in the front passenger seat of the car with her purse on her lap. *Byrd*, 310 P.3d at 795. Before removing Byrd from the car, the officer took the purse from her lap and placed it on the ground nearby. *Byrd*, 310 P.3d at 795. After securing Byrd in the patrol car, the officer searched the purse and discovered methamphetamine in a sunglasses case. *Byrd*, 310 P.3d at 795. Division

5

Three of this court affirmed the trial court's decision to grant Byrd's suppression motion, holding that because she was restrained at the time of the search, the search was not justified by concerns for evidence preservation or officer safety. *Byrd*, 310 P.3d at 795.

Our Supreme Court reversed, holding that no evidence preservation or officer safety justifications were required to search Byrd's purse because it was immediately associated with her person at the time of arrest. *Byrd*, 310 P.3d at 799-800. The court clarified that there are two "analytically distinct" concepts under the search incident to arrest exception to the warrant requirement. *Byrd*, 310 P.3d at 796. The first requires that warrantless searches of the area within the arrestee's control be specifically justified by concerns for evidence preservation or officer safety. *Byrd*, 310 P.3d at 796 (citing *Chimel v. California*, 395 U.S. 752, 89 S. Ct. 2034, 23 L. Ed. 2d 685 (1969)); *see also Arizona v. Gant*, 556 U.S. 332, 343, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009) (applying *Chimel* rationale to vehicle searches incident to an occupant's arrest); *State v. Patton*, 167 Wn.2d 379, 394-95, 219 P.3d 651 (2009) (adopting *Gant*).

Under the second concept, an officer may reasonably search the arrestee's person incident to lawful arrest without any further justification. *Byrd*, 310 P.3d at 796 (citing *United States v. Robinson*, 414 U.S. 218, 224, 94 S. Ct. 467, 38 L. Ed. 2d 427 (1973)); *see also State v. Parker*, 139 Wn.2d 486, 510, 987 P.2d 73 (1999) (noting that *Robinson* applies to searches of the arrestee's person, whereas *Chimel* applies to the area within the arrestee's immediate control). This type of search extends to personal property "'immediately associated'" with the arrestee's person. *Byrd*, 310 P.3d at 798 (quoting *United States v. Chadwick*, 433 U.S. 1, 15, 97 S. Ct. 2476, 53 L. Ed. 2d 538 (1977), *overruled on other grounds by California v. Acevedo*, 500 U.S. 565, 111 S. Ct. 1982, 114 L. Ed. 2d 619 (1991)).

6

The *Byrd* court noted that "[w]hether a search incident to arrest is governed by *Chimel* or *Robinson* turns on whether the item searched was an article of the arrestee's person." 310 P.3d at 797. Personal property is an article of the arrestee's person or immediately associated with the arrestee's person "if the arrestee has actual possession of it at the time of a lawful custodial arrest." *Byrd*, 310 P.3d at 798. In cautioning that the rule does not extend to items merely within the arrestee's reach, the court held that "[s]earches of the arrestee's person incident to arrest extend only to articles 'in such immediate physical relation to the one arrested as to be in a fair sense a projection of his person.'" *Byrd*, 310 P.3d at 799 (quoting *U.S. v. Rabinowitz*, 339 U.S. 56, 78, 70 S. Ct. 430, 94 L.Ed. 653 (1950) (Frankfurter, J., dissenting)).

The facts here render the officer's search of Rider's purse a search of the person under *Robinson*, for which no specific articulation of officer safety or evidence preservation concerns were required, rather than a search of the surrounding area under *Chimel*. The unchallenged findings of fact state that Rider's purse was either on her lap or on the table next to her at the time she was arrested. Regardless of the purse's exact location, this finding shows that it was immediately associated with Rider's person at the time of her arrest. If the purse was on her lap, the facts here would be identical to *Byrd* and the outcome would be the same. But even if Rider was not physically touching the purse, it was a personal item kept close to her person in a public space such that it was "in a fair sense a projection of h[er] person." *Byrd*, 310 P.3d at 799 (quoting *Rabinowitz*, 339 U.S. at 78 (Frankfurter, J., dissenting)). Therefore, no specific showing of concerns for officer safety or evidence preservation was required to justify the search because it was a search of the person incident to lawful arrest. *Byrd*, 310 P.3d at 800.

7

Accordingly, we hold that the officer's search of Rider's purse was lawful under the Fourth Amendment and article I, section 7.[4]

II.     ADMISSION OF SHOPLIFTING TESTIMONY

Rider next argues that the trial court abused its discretion when it admitted evidence that Rider had been detained for shoplifting without conducting an ER 404(b) analysis. We disagree.

Under ER 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." However, this evidence may be admissible "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." ER 404(b). We review the trial court's decision to admit evidence under ER 404(b) for abuse of discretion. *State v. Fisher*, 165 Wn.2d 727, 745, 202 P.3d 937 (2009).

Before a trial court admits evidence under ER 404(b), it must (1) find by a preponderance of the evidence that the misconduct occurred, (2) identify the purpose for admitting the evidence, (3) determine the relevance of the evidence to prove an element of the crime, and (4) weigh the probative value of the evidence against its prejudicial effect. *Fisher*, 165 Wn.2d at 745. "The court's balancing of the prejudicial nature of ER 404(b) evidence must take place on the record." *State v. Carleton*, 82 Wn. App. 680, 685, 919 P.2d 128 (1996). However, when the record as a whole allows us to decide the admissibility of evidence, a trial court's failure to articulate the ER 404(b) balancing process on the record is not reversible error. *State v. Gogolin*, 45 Wn. App. 640, 645, 727 P.2d 683 (1986).

---

[4] Because Rider does not argue that the search of the medication bottle inside her purse was unlawful, we do not address the lawfulness of that portion of the search.

We review the erroneous admission of evidence under ER 404(b) under the nonconstitutional harmless error standard. *State v. Gresham*, 173 Wn.2d 405, 433, 269 P.3d 207 (2012). Under this standard, an error is harmless if "'within reasonable probabilities, had the error not occurred, the outcome of the trial would have been materially affected.'" *Gresham*, 173 Wn.2d at 433 (internal quotation marks omitted) (quoting *State v. Smith*, 106 Wn.2d 772, 780, 725 P.2d 951 (1986)).

Assuming without deciding that the trial court abused its discretion in admitting testimony that the arresting officer initially contacted Rider in response to a shoplifting complaint, we hold that the error was harmless. The State charged Rider with unlawful possession of a controlled substance and presented evidence that the arresting officer discovered four diazepam pills in her purse. And Rider admitted that she obtained the pills from a friend and that Rider did not have a prescription for them. In light of the State's uncontroverted evidence that Rider possessed the pills without a prescription, we hold that Rider has failed to show how the outcome of the trial would have been materially affected had the shoplifting testimony not been admitted, and her claim fails.

III.    RELIEF FROM SENTENCE PENDING APPEAL

Finally, Rider argues that the trial court abused its discretion by refusing to stay her sentence pending appeal because it "applied the wrong legal standard when it ignored *Gant* and admitted the [V]alium evidence." Br. of Appellant at 16. But because we hold that the trial court correctly declined to apply *Gant* and *Chimel* to the search at issue here and properly denied Rider's suppression motion, we hold that the trial court did not abuse its discretion when it denied Rider's motion to stay her sentence.

No. 42960-8-II

We affirm Rider's conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

McCARTHY, J.P.T.

We concur:

WORSWICK, C.J.

JOHANSON, J.

10