# FILE

IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON
DATE FEB 2 7 2014

~~Madsen, C.J.~~
CHIEF JUSTICE



This opinion was filed for record
at 8:00 am on Feb 27 2014

Ronald R. Carpenter
Supreme Court Clerk

## IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | |
| Respondent, | ) | No. 88267-3 |
| | ) | |
| v. | ) | En Banc |
| | ) | |
| ABRAHAM MACDICKEN, | ) | |
| | ) | Filed    FEB 2 7 2014 |
| Petitioner. | ) | |

OWENS, J. -- When Abraham MacDicken was arrested on suspicion of armed robbery, he was carrying a laptop bag and pushing a rolling duffel bag. The arresting officers moved the bags a car's length away and searched them. MacDicken claims this search violated his rights under the Fourth Amendment to the United States Constitution and article I, section 7 of the Washington State Constitution. But as this court recently held, officers may search an arrestee's person and articles closely associated with his or her person at the time of arrest without violating either of those constitutional provisions. *State v. Byrd*, 178 Wn.2d 611, 625, 310 P.3d 793 (2013). Applying that rule here, we hold that the bags carried by MacDicken were closely associated with him at the time of arrest and thus subject to search without a warrant.

FACTS

In her room at a Lynnwood hotel, Krystal Steig was robbed at gunpoint. The robber took various items, including a laptop and a cell phone, and put them in a suitcase belonging to Steig's roommate, Thomas Brinkly. As the robber was leaving, he walked past Brinkly in the hotel stairwell. Brinkly recognized his suitcase and confronted the robber, who pulled out a gun and pointed it at him. Brinkly quickly exited the stairwell. Brinkly and Steig called the police to report the robbery and later identified MacDicken from still photos taken from the hotel's video surveillance camera.

The following morning, police tracked the stolen cell phone to a hotel in Edmonds. An officer saw MacDicken leaving the Edmonds hotel and recognized him as the man Steig and Brinkly had identified as the assailant. MacDicken had two bags in his possession when the officer saw him: a laptop bag, which he carried, and a rolling duffle bag, which he was pushing. Officers ordered MacDicken to the ground and handcuffed him. As MacDicken, still handcuffed, was standing up next to a patrol car speaking with another officer, an officer moved the bags MacDicken had been carrying a car's length away and began to search them, without obtaining a warrant. Inside the laptop bag, police found a handgun, Steig's laptop, a letter

addressed to Steig, and other items.[1] After being asked, MacDicken told police he had stolen the laptop bag from Steig but denied robbing her with a gun. MacDicken claimed at a later hearing that he in fact told police that the laptop bag was his, but the trial court found that testimony not credible.

MacDicken was charged with two counts of first degree robbery (with a firearm enhancement) and one count of unlawful possession of a firearm in the first degree. He moved to suppress the evidence from the bags, arguing that the search violated his rights under the Fourth Amendment to the United States Constitution and article I, section 7 of the Washington State Constitution. The trial court denied MacDicken's motion. As part of that ruling, the court concluded that MacDicken did not have standing to challenge the search of the laptop bag because it was stolen but acknowledged that under the automatic standing rule, MacDicken had automatic standing to challenge the search as it related to the unlawful possession of a firearm charge. The trial court then found that the search was a valid search incident to arrest. After a trial, the jury found MacDicken guilty on all three counts. MacDicken appealed and the Court of Appeals affirmed, reasoning that because the bags were within his reach at the time of the search, the warrantless search was valid as incident to his lawful arrest. *State v. MacDicken*, 171 Wn. App. 169, 176, 286 P.3d 413

---

[1] From the record, it does not appear that any significant pieces of evidence were recovered from the rolling duffle bag.

(2012). This court granted MacDicken's subsequent petition for review. *State v. MacDicken*, 177 Wn.2d 1004, 300 P.3d 416 (2013).

## ISSUE

Was the warrantless search of the bags carried by MacDicken at the time of his arrest a valid search incident to a lawful arrest?

## ANALYSIS

MacDicken claims that the warrantless search of his bags violates his rights under the Fourth Amendment to the United States Constitution and article I, section 7 of the Washington State Constitution. When a party alleges violations of both of those provisions, we analyze the Washington State Constitution first because it is more protective of individual privacy. *State v. Walker*, 157 Wn.2d 307, 313, 138 P.3d 113 (2006). Article I, section 7 provides that "[n]o person shall be disturbed in his private affairs, or his home invaded, without authority of law." WASH. CONST. art. I, § 7. Warrantless searches violate this provision unless they fall under one of "a few jealously guarded exceptions." *State v. Afana*, 169 Wn.2d 169, 176-77, 233 P.3d 879 (2010). One of those exceptions covers searches incident to lawful arrest. *United States v. Robinson*, 414 U.S. 218, 224, 94 S. Ct. 467, 38 L. Ed. 2d 427 (1973).

There are two types of warrantless searches that may be made incident to a lawful arrest: a search of the arrestee's person and a search of the area within the arrestee's immediate control. *Id.*; *Byrd*, 178 Wn.2d at 616-17. This court recently

examined the historical development of these two types of searches incident to arrest and the reasons why courts treat them differently. A warrantless search of the arrestee's person is considered a reasonable search as part of the arrest of the person. *Robinson*, 414 U.S. at 225-26. Such a search presumes exigencies and is justified as part of the arrest; therefore it is not necessary to determine whether there are officer safety or evidence preservation concerns in that particular situation. *Byrd*, 178 Wn.2d at 618. In contrast, a warrantless search of the arrestee's surroundings is allowed only if the area is within an arrestee's "immediate control." *Chimel v. California*, 395 U.S. 752, 763, 89 S. Ct. 2034, 23 L. Ed. 2d 685 (1969), *overruled in part by Arizona v. Gant*, 556 U.S. 332, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009). Such searches are justified by concerns of officer safety or the preservation of evidence and are limited to those areas within reaching distance at the time of the search. *Gant*, 556 U.S. at 351.

In this case, the parties argued over whether the search of bags that were a car's length away was justified by concerns of officer safety or preservation of evidence. But as described below, we hold that the search of the bags carried by MacDicken at the time of his arrest constituted a search of his person. Therefore, we do not analyze whether the search was a valid search of the area within MacDicken's immediate control under *Chimel* and *Gant*.

Instead, we look to *Byrd*, a recent case in which this court upheld the search of an arrestee's purse that she was holding at the time that she was arrested. *Byrd*, 178 Wn.2d at 623-24. The court held that a valid search of an arrestee's person included the articles of an arrestee's person, such as her clothing and the purse that was in her possession at the time of arrest. *Id.* at 623. Such a search extends "only to articles 'in such immediate physical relation to the one arrested as to be in a fair sense a projection of his person.'" *Id.* (quoting *United States v. Rabinowitz*, 339 U.S. 56, 78, 70 S. Ct. 430, 94 L. Ed. 653 (1950) (Frankfurter, J., dissenting)). The court defined articles immediately associated with the arrestee's person as "personal articles in the arrestee's actual and exclusive possession at or immediately preceding the time of arrest." *Id.* The court cautioned that such a search does not include "articles within the arrestee's reach but not actually in his possession." *Id.* The court also noted that a significant delay between the arrest and the search could render the search unreasonable. *Id.* at 623-24.

Here, the laptop bag and the rolling duffel bag were in MacDicken's actual and exclusive possession at the time of his arrest. Therefore, applying the rule from *Byrd*, we conclude that the bags were immediately associated with his person. Because there was no significant delay between the arrest and the search that would render the search unreasonable, we hold that the search of the bags was a part of the lawful search of MacDicken's person pursuant to his arrest. A warrant is not needed for a

search of an arrestee's person, and thus this search was a valid search incident to arrest under both the federal and state constitutions.[2]

## CONCLUSION

Both the United States Constitution and the Washington State Constitution provide protection against warrantless searches, but certain limited searches are allowed incident to a lawful arrest. This includes a search of the person being arrested. In *Byrd*, this court held that a search of the arrestee's person includes a search of the articles that the arrestee has actual possession of at the time of arrest. Here, MacDicken had a laptop bag and a rolling duffel bag in his possession when he was arrested; the police lawfully searched those bags as part of the search of his person pursuant to his arrest. We affirm the Court of Appeals, albeit for different reasoning.

---

[2] In the answer to the petition for review, the State requested that if the court found the search to be invalid, it consider whether there was an alternate basis to uphold the trial court's order: that MacDicken lacked standing to challenge the search as to the robbery charge. Because we hold that the search was a valid search incident to arrest, we do not reach this issue.

WE CONCUR:

Madsen, C.J.

Owens, J.

Johnson, J.

Stephens, J.

Wiggins, J.

González, J.

No. 88267-3

GORDON McCLOUD, J. (dissenting)—The majority upholds the search of the laptop and rolling duffel bags in this case under a "time of arrest" rule. Majority at 6. I believe that the "time of arrest" rule is inconsistent with United States Supreme Court precedent. For that reason, I respectfully dissent.

The United States Supreme Court has long recognized "the basic rule that 'searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions.'" *Arizona v. Gant*, 556 U.S. 332, 338, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009) (quoting *Katz v. United States*, 389 U.S. 347, 357, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967)). "Among the exceptions to the warrant requirement is a search incident to a lawful arrest [, which] derives from

1

interests in officer safety and evidence preservation that are typically implicated in arrest situations." *Id.* (citing *Weeks v. United States*, 232 U.S. 383, 392, 34 S. Ct. 341, 58 L. Ed. 652 (1914); *United States v. Robinson*, 414 U.S. 218, 230-34, 94 S. Ct. 467, 38 L. Ed. 2d 427 (1973)). Under the exception for a "search incident to a lawful arrest," an officer may search only "'the arrestee's person and the area "within his immediate control"— construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence.'" *Id.* at 338-39 (quoting *Chimel v. California*, 395 U.S. 752, 763, 89 S. Ct. 2034, 23 L. Ed. 2d 685 (1969), *overruled in part by Gant*, 556 U.S. 332). The scope of a search incident to arrest is strictly limited by the interests in officer safety and evidence preservation. *Id.* Thus, "[i]f there is no possibility that an arrestee could reach into the area that law enforcement officers seek to search, both justifications for the search-incident-to-arrest exception are absent and the rule does not apply." *Id.* (citing *Preston v. United States*, 376 U.S. 364, 367-68, 84 S. Ct. 881, 11 L. Ed. 2d 777 (1964)).

The majority's "time of arrest" rule, which this court recently affirmed in *State v. Byrd*, 178 Wn.2d 611, 310 P.3d 793 (2013), creates an additional

search incident to arrest exception, which is contrary to United States Supreme Court precedent. Under this "time of arrest" exception, the police may search all "personal articles in the arrestee's actual and exclusive possession at or immediately preceding the time of arrest,"[1] even after such articles have been reduced to the exclusive control of law enforcement and are completely inaccessible to the arrestee, and thus pose no presumptive risk to officer safety or evidence preservation.

The majority justifies its "time of arrest" rule by drawing a distinction between searches of the person incident to arrest, which the majority claims are governed by *Robinson*, 414 U.S. 218, and searches of the arrestee's immediate surroundings, which it claims are governed by *Chimel*, 395 U.S. 752, and *Gant*, 556 U.S. 332. Majority at 5. The majority believes that a *Robinson* search—which it defines as a search of any "'personal articles in the arrestee's actual and exclusive possession at or immediately preceding the time of arrest'"—"presumes exigencies," while a *Chimel* search does not. *Id.* at 4-6 (quoting *Byrd*, 178 Wn.2d at 623). Because it concludes that the search of the bags in this case "constituted a search of [MacDicken's] person," the

---

[1] Majority at 6 (citing *Byrd*, 178 Wn.2d at 623).

majority decides that the search is governed by *Robinson* as opposed to *Chimel* and *Gant*. Majority at 5. Indeed, the majority believes that *Chimel* and *Gant* are irrelevant to this case. *Id.* ("we do not analyze whether the search was a valid search of the area within MacDicken's immediate control under *Chimel* and *Gant*").

The majority errs. The Fourth Amendment bars all warrantless searches incident to arrest unless the government proves that an exception applies under the "'twin rationales of *Chimel*'"[2]—officer safety and evidence preservation.[3] *Robinson* is an application of, not an exception to, this rule. *Robinson*, 414 U.S. at 226 (explaining that a search of the person incident to lawful arrest is always justified by the *Chimel* rationales); *accord Knowles v. Iowa*, 525 U.S. 113, 116, 118, 119 S. Ct. 484, 142 L. Ed. 2d 492 (1998) (noting that *Robinson*, 414 U.S. at 234, recognized "two historical rationales for the

---

[2] *Gant*, 556 U.S. at 342 (quoting *Thornton v. United States*, 541 U.S. 615, 624, 124 S. Ct. 2127, 158 L. Ed. 2d 905 (2004) (O'Connor, J., concurring in part)).

[3] *Chimel*, 395 U.S. at 762-63 ("[The arrestee's person and] the area into which an arrestee might reach . . . must . . . be governed by a like rule. A gun on a table or in a drawer in front of one who is arrested can be as dangerous to the arresting officer as one concealed in the clothing of the person arrested. There is ample justification, therefore, for a search of the arrestee's person and the area 'within his immediate control'—construing that phrase to mean the areas from within which he might gain possession of a weapon or destructible evidence.").

4

'search incident to arrest' exception: (1) the need to disarm the suspect in order to take him into custody, and (2) the need to preserve evidence for later use at trial" and holding that these rationales do not justify a "'search incident to citation'").

Contrary to the majority's reasoning, there is no difference between the presumptions that govern a *Robinson* search and those that govern a *Gant/Chimel* search. In both, a *presumption* of officer danger or evidence destruction justifies a protective search incident to arrest. *See Maryland v. Buie*, 494 U.S. 325, 342 n.6, 110 S. Ct. 1093, 108 L. Ed. 2d 276 (1990) (Brennan, J., dissenting) ("*Chimel* established that police officers may presume as a matter of law, without need for factual support in a particular case, that arrestees might take advantage of weapons or destroy evidence in the area 'within [their] immediate control'; therefore, a protective search *of that area* is *per se* reasonable under the Fourth Amendment.") (first emphasis added) (alteration in original) (quoting *Chimel*, 395 U.S. at 763)).[4] But—also

---

[4] In this respect, a search incident to arrest differs from a search based on "exigent circumstances"—in the latter context there is no presumption that any danger justifies the search. *E.g.*, *Missouri v. McNeely*, __ U.S. __, 133 S. Ct. 1552, 1559, 185 L. Ed. 2d 696 (2013) ("To determine whether a law enforcement officer faced an emergency that justified acting without a warrant, this Court looks to the totality of the circumstances."); *Kentucky v. King*, __ U.S. __, 131 S. Ct. 1849, 1862,

contrary to the majority's reasoning—that presumption applies *only* where police could reasonably have believed that the area searched was in fact *accessible* to the arrestee or a confederate at the time of the search. *Gant*, 556 U.S. at 344.

As a practical matter, when the search is limited to the arrestee's "person," the question of access is not subject to dispute. *See Chimel*, 395 U.S. at 762-63; *Robinson*, 414 U.S. at 226 (treating the arrestee's person as an area per se within the arrestee's control). But the question of access is nevertheless paramount in any search incident to arrest. A court cannot avoid that question just by labeling the items searched—in this case a shoulder bag and a piece of rolling luggage—"'projection[s] of [the arrestee's] person.'" Majority at 6 (quoting *Byrd*, 178 Wn.2d at 623). To do so is to untether the search incident to arrest exception from its justifying rationales.

This is precisely what the majority's "time of arrest" rule does. Under that rule, police are simply "entitled" to search any item in the arrestee's

179 L. Ed.2d 865 (2011) ("Any warrantless entry based on exigent circumstances must, of course, be supported by a genuine exigency."); *Brigham City v. Stuart*, 547 U.S. 398, 406, 126 S. Ct. 1943, 164 L. Ed. 2d 650 (2006) ("In these circumstances, [the warrantless entry was justified because] the officers had an objectively reasonable basis for believing both that the injured adult might need help and that the violence in the kitchen was just beginning.").

"actual possession" at the time of arrest. *Byrd*, 178 Wn.2d at 614, 621. This "entitle[ment]" requires no justification beyond the "authority of a custodial arrest itself," and it renders the question of access completely irrelevant. *Id.* at 614, 618. Thus, under the "time of arrest" rule, police may be "entitled" to search an item even when there is in fact no possibility that the arrestee could gain access to it. *Id.* at 614-15.

This is in direct contradiction to United States Supreme Court precedent. *E.g.*, *United States v. Chadwick*, 433 U.S. 1, 15, 97 S. Ct. 2476, 53 L. Ed. 2d 538 (1977) ("warrantless searches of luggage or other property seized at the time of an arrest cannot be justified as incident to that arrest . . . [o]nce law enforcement officers have reduced [the property] to their exclusive control"). A "police entitlement" theory of searches incident to arrest treats certain items as inherently searchable; it posits that an arresting officer should not have to forgo a search of these items—the officer's entitlement—just because that search cannot possibly be justified under *Chimel*. The Court has flatly rejected the notion that any such search is permitted under the Fourth Amendment. *Gant*, 556 U.S. at 342 (disapproving the "police entitlement" theory of searches incident to arrest, and contrasting that theory with "'the

twin rationales of *Chimel*'" (quoting *Thornton*, 541 U.S. at 624 (O'Connor, J., concurring in part)), 347 ("allow[ing] vehicle searches incident to any arrest would serve no purpose except to provide a police entitlement, and it is anathema to the Fourth Amendment to permit a warrantless search on that basis"). As numerous well-reasoned cases have recognized, the *Chimel* rationales are the only justification for a search incident to arrest.[5] There is no special rule for—and no police entitlement to search—items in the arrestee's possession at the "time of arrest."

Because I believe that the "time of arrest" rule violates Fourth Amendment protections, I dissent from the majority's decision to affirm the Court of Appeals on that basis. Majority at 7 ("We affirm the Court of Appeals, albeit for different reasoning.").

---

[5] *E.g.*, *United States v. Wurie*, 728 F.3d 1, 10 (1st Cir. 2013) (discussing *Gant*'s recognition of "categories of searches that cannot ever be justified under *Chimel*," and holding that these categories sometimes include searches of items found on the arrestee's person), *cert. granted*, 187 L. Ed. 2d 848 (2014); *United States v. Shakir*, 616 F.3d 315, 318 (3d Cir. 2010) (rejecting a "time of the arrest" rule and concluding that *Gant* controls whenever "the item searched is removed from the suspect's control between the time of the arrest and the time of the search"); *United States v. Monclavo-Cruz*, 662 F.2d 1285, 1287 (9th Cir. 1981) (warrantless search of arrestee's purse "conducted more than an hour after police gained exclusive control of it" invalid under *Chadwick*).

Like every search incident to arrest, the search of MacDicken's bags is governed by *Chimel* and *Gant*. The Court of Appeals below concluded that the search was justified under *Chimel* because "MacDicken could have possibly reached the bags," which were "not in [the arresting officer's] exclusive control." *State v. MacDicken*, 171 Wn. App. 169, 175, 286 P.3d 413 (2012). That conclusion is not warranted by the record.

To be sure, an appellate court may decide that a warrantless search was permissible as a matter of fact, but only where "the record . . . is adequate to review [the] issue." *State v. Scalara*, 155 Wn. App. 236, 242, 229 P.3d 889 (2010) ("unlike in other recent *Gant*-related appeals, we need not remand for a further evidentiary hearing"); *accord State v. Robinson*, 171 Wn.2d 292, 306, 253 P.3d 84 (2011) (remanding for new suppression hearing where, because trial occurred prior to *Gant*, "neither the petitioners nor the State had the incentive or opportunity to develop the factual record before the trial court").

Contrary to the Court of Appeals' opinion in this case, the record does not show that MacDicken could have reached into either of the bags at the time of the search. The trial court below concluded only that "[a]lthough

9

handcuffed, the defendant . . . could still kick at the officers or reach for a weapon despite the handcuffs." Clerk's Papers (CP) at 65. It is by no means clear whether the trial court meant that MacDicken could somehow have reached into the bags—which were at the time of the search "about a car length away from the defendant"—or whether it meant that MacDicken could have reached for a weapon located somewhere else. CP at 60. What *is* clear is that the trial court did not decide whether the bags had been reduced to the "exclusive control" of law enforcement at the time of the search. CP at 65-66 ("The defendant also invites this court to apply the principles of *Gant* to this search incident to arrest of the defendant's person. The court declines to do so."). Instead, the court applied the two-part test articulated in *State v. Smith*, 119 Wn.2d 675, 835 P.2d 1025 (1992), *abrogated by Byrd*, 178 Wn.2d 611, according to which "'a search incident to arrest is valid under the Fourth Amendment (1) if the object searched was within the arrestee's control when he or she was arrested; and (2) if the events occurring after the arrest but before the search did not render the search unreasonable.'" CP at 63 (quoting *Smith*, 119 Wn.2d at 681 (citing *United States v. Turner*, 926 F.2d 883, 887 (9th Cir.

10

1991))). This is the "time of arrest" rule,[6] which I believe violates Fourth Amendment protections.

Because the trial court applied the "time of arrest" rule to the search of the bags in this case, it did not determine—and the record did not reveal—whether MacDicken or anyone else could have accessed the bags at the time of search, or whether instead those bags had been reduced to law enforcement's "exclusive control." *Chadwick*, 433 U.S. at 15. Under United States Supreme Court precedent, that determination is crucial. I would remand to the trial court with instructions that it make that factual determination, and I therefore respectfully dissent.

---

[6] *See Byrd*, 178 Wn.2d at 623-24 (upholding search of purse because "'the purse was within [the defendant's] reach and could even be described as on her person . . . at the time of arrest' [and] [t]here was no 'significant delay between the arrest and the search' that would 'render[] the search unreasonable'" (last alteration in original) (quoting *State v. Byrd*, 162 Wn. App. 612, 618, 258 P.3d 686 (2011) (Brown, J., dissenting); *Smith*, 119 Wn.2d at 683)).

_Gordon McCloud, J._

_Fairhurst, J._

12