FILED
COURT OF APPEALS
DIVISION II

2014 APR 29 AM 8: 44

STATE OF WASHINGTON

DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43945-0-II |
| Respondent, | |
| v. | |
| BRADLEY SCOTT FULTON, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Bradley Scott Fulton appeals his possession of a controlled substance conviction, arguing that the trial court erred in failing to suppress drug evidence found in his satchel at the time of his arrest. Because Fulton had actual possession of his satchel at the time of the lawful custodial arrest, under *State v. Byrd*, 178 Wn.2d 611, 310 P.3d 793 (2013) and *State v. MacDicken*, 179 Wn.2d 936, 319 P.3d 31 (2014), police were justified in searching the satchel as an extension of their valid, warrantless search of Fulton's person incident to arrest. Accordingly, we affirm Fulton's conviction.

## FACTS

On January 23, 2012, O'Reilly Auto Parts employee James Vignati called 911 to report a possible shoplifting incident at his Port Orchard store. Vignati described the suspected shoplifter as a "male in his 20s wearing a black hoodie with white lettering and carrying a black satchel." Suppl. Clerk's Papers (CP) at 47. Vignati further reported that he saw the young man walk towards a nearby Safeway store. Kitsap County Deputy Sheriff Greg Rice responded to the call

and quickly "located a male matching the description standing outside the nearby Safeway." Suppl. CP at 47.

Deputy Rice contacted the suspect who identified himself as Fulton. During the contact, Rice noticed that Fulton was carrying a "large combat style knife approximately 12'' inches long with a 5'' blade . . . [and a] handle that was shaped like brass knuckles with a sharp pointed end." Suppl. CP at 47. Rice arrested Fulton for carrying the dangerous weapon. At the time of his arrest, Fulton had a satchel with him. Fulton requested that Rice bring the satchel with him to jail "because it had all his belongings in it." CP at 5. Concerned about transporting an unsearched bag in his patrol vehicle, Rice checked the satchel for weapons. In an exterior side pocket large enough to conceal a firearm, Rice found a small plastic baggie that appeared to contain illegal narcotics; later testing confirmed that the substance in the baggie was methamphetamine. Rice then transported Fulton and his property to the jail.

On February 21, 2012, the State charged Fulton with possession of a controlled substance [methamphetamine], RCW 69.50.4013.[1] At his CrR 3.6 hearing, Fulton argued that the drug evidence should be suppressed because Deputy Rice's search incident to arrest unlawfully exceeded the allowable scope of such a search. The State argued that the search incident to arrest exception "allows a search of the arrestee's person for evidence of the crime of arrest [and] allows for a search of the defendant's person and the *personal belongings closely associated with*

---

[1] The record does not reflect whether the State charged Fulton with a dangerous weapon violation, RCW 9.41.250(1)(b). Rice testified at the CrR 3.6 hearing that he did not find any stolen items in Fulton's bag.

*that person at the moment of arrest* for weapons, evidence, and anything that could be a potential safety risk to the officer." Report of Proceedings (Sept. 11, 2012) at 31-32 (emphasis added).

The trial court ruled that the satchel search was valid and that the drug evidence would be admissible at trial. Fulton's stipulated facts bench trial occurred later that day, and the trial court found him guilty of one count of possession of a controlled substance. Fulton appeals.

## ANALYSIS

Fulton contends that the trial court erred in failing to suppress drug evidence found in his satchel at the time of his arrest. Because our Supreme Court's recent decisions in *Byrd* and *MacDicken* squarely control the outcome of this case, we disagree.

We review de novo a trial court's conclusions of law on a motion to suppress evidence. *State v. Carneh*, 153 Wn.2d 274, 281, 103 P.3d 743 (2004). Unchallenged findings of fact entered following a suppression hearing are treated as verities on appeal.[2] *State v. Hill*, 123 Wn.2d 641, 644, 870 P.2d 313 (1994). Here, as in our recent decision in *State v. Ellison*, 172 Wn. App. 710, 719, 291 P.3d 921 (2013), we must determine "whether the trial court erred in ruling that police may conduct a warrantless search of an object, like a backpack, that was in a defendant's possession and control at the time of arrest as a valid search incident to arrest."

---

[2] All the factual findings in this case are treated as verities. Fulton has assigned error to the trial court's factual finding that "Deputy Rice testified he searched the bag for safety reasons [and] it is departmental policy and procedure to search every item and person before placing them in a patrol vehicle for safety reasons." Suppl. CP at 48. However, Fulton has not adequately supported this assignment of error with any argument or persuasive authority germane to the issues addressed in this appeal. Accordingly, we do not further address this issue. *State v. Motherwell*, 114 Wn.2d 353, 358 n.3, 788 P.2d 1066 (1990).

A warrantless search is per se unreasonable under article 1, section 7 of the Washington Constitution "unless the State proves that one of the few 'carefully drawn and jealously guarded exceptions'" to the warrant requirement applies. *Byrd*, 178 Wn.2d at 616 (quoting *State v. Ortega*, 177 Wn.2d 116, 122, 297 P.3d 57 (2013)).[3] "There are two types of warrantless searches that may be made incident to a lawful arrest: a search of the arrestee's person and a search of the area within the arrestee's immediate control." *MacDicken*, 179 Wn.2d at 940.

As the Washington Supreme Court recently stated in *Byrd*, a search of the arrestee's person "including articles of the person such as clothing or personal effects, require[s] 'no additional justification' beyond the validity of the custodial arrest." *Byrd*, 178 Wn.2d at 617-18 (quoting *United States v. Robinson*, 414 U.S. 218, 235, 94 S. Ct. 467, 38 L. Ed 2d 427 (1973)). A search of the area within the arrestee's immediate control, in contrast, must be "justified by concerns of officer safety or the preservation of evidence and are limited to those areas within reaching distance at the time of the search." *MacDicken*, 179 Wn.2d at 941.

Washington courts employ the "time of arrest" rule to determine whether a search incident to arrest involves a search of the arrestee (and articles "immediately associated" with the arrestee's person) or a search of the area within the arrestee's immediate control. *Byrd*, 178 Wn.2d at 621. Under this rule, an article is "immediately associated" with the arrestee's person and can be searched under *Robinson*, without further justification for police safety or evidence preservation, if it is a "personal [article] in the arrestee's actual and exclusive possession at or

---

[3] Although Fulton's arguments also implicate the Fourth Amendment, "article I, section 7 of the Washington Constitution, provides, at the least, co-extensive protection of individual privacy rights." *Ellison*, 172 Wn. App. at 719. Accordingly, we do not separately address Fulton's concerns on Fourth Amendment grounds.

immediately preceding the time of arrest." *Byrd*, 178 Wn.2d at 623. Moreover, it does not matter whether the defendant is separated from the property—such as being handcuffed and secured in a patrol car—at the time the search occurs so long as there is no significant delay between the arrest and the search. *Byrd*, 178 Wn.2d at 624.

Here, it is undisputed that Fulton's satchel was in his exclusive possession and control at the time of his arrest. *See, e.g.*, CP 47 (Fulton asked Deputy Rice to bring the satchel on the bench next to Fulton). Further, it is undisputed that Rice validly arrested Fulton for carrying a dangerous weapon. Accordingly, pursuant to *Byrd* and *MacDicken*, Rice appropriately searched the bag as a lawful search incident to arrest and the trial court properly allowed this evidence to be admitted at trial. We affirm Fulton's conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Maxa, J.

_____
Bjorgen, P.J.