# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 75818-7-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| NICOLE R. JONES, | ) | |
| | ) | FILED: March 12, 2018 |
| Appellant. | ) | |
| | ) | |

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON
2018 MAR 12 AM 8: 49

VERELLEN, C.J. — Nicole Jones appeals her conviction and sentence for possession of heroin. Jones contends the arresting officer lacked probable cause to arrest her and, therefore, the court should have suppressed the evidence obtained pursuant to a subsequent search of her car. The trial court's findings that the officer saw a photo of Jones consistent with heroin use and overheard Jones tell aid workers she was tired does establish that the officer had probable cause to believe Jones was in possession of a controlled substance. Thus, the court properly admitted the evidence obtained incident to the lawful arrest and consensual search.

Therefore, we affirm.

## FACTS

On the morning of September 11, 2015, two school employees found Jones asleep in her car, which was parked behind a school. The employees took a picture of Jones and called 911. The employees showed Officer Blake Iverson the photograph. The picture showed a piece of foil with black marks in Jones's lap. Officer Iverson recognized the black lines on the foil as "snail trails," marks left after heroin is heated on the foil. The school employees told Officer Iverson "no one had been in or out of [Jones's] vehicle, and that they stayed with that vehicle until the aid crew arrived."[1] Officer Iverson looked in the car but did not see the foil from the photo. He walked over to Jones and heard her tell aid workers that she was tired.

Officer Iverson placed Jones under arrest for possession of drug paraphernalia. After Officer Iverson handcuffed Jones, Sergeant Allen Correa advised Jones of her Miranda[2] rights. Jones waived her Miranda rights and admitted she had used heroin. Officer Iverson asked Jones if there was any heroin in her car and she said, "What is left of it."[3] Officer Iverson advised Jones of her Ferrier[4] rights and obtained her consent to search the car. Officer Iverson found heroin in the center console. He did not find the foil from the photo.

---

[1] Report of Proceedings (RP) (May 19, 2016) at 7.

[2] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

[3] RP (May 19, 2016) at 14.

[4] State v. Ferrier, 136 Wn.2d 103, 960 P.2d 927 (1998).

2

The State charged Jones with possession of a controlled substance. Before trial, Jones moved to suppress the heroin and her postarrest statements to Officer Iverson, arguing the arrest was unlawful. The trial court agreed the arrest was unlawful but denied her motion to suppress under the attenuation doctrine.

Jones agreed to a stipulated bench trial based on agreed documentary evidence. The court found Jones guilty as charged and sentenced her to 30 days of confinement.

Jones appeals.

## ANALYSIS

Jones argues the court erred when it denied her motion to suppress after concluding her arrest was unlawful. On cross appeal, the State contends the trial court erred in concluding the warrantless arrest was unlawful because Officer Iverson had probable cause.

"Unchallenged findings of fact are treated as verities on appeal."[5] "A trial court's conclusions of law on a motion to suppress evidence are reviewed de novo."[6] Additionally, whether probable cause exists is a question of law we review de novo.[7]

A warrantless arrest must be based on probable cause.[8] Probable cause exists when the arresting officer is aware of facts or circumstances, based on

---

[5] State v. Valdez, 167 Wn.2d 761, 767, 224 P.3d 751 (2009).

[6] Id.

[7] State v. Chamberlin, 161 Wn.2d 30, 40-41, 162 P.3d 389 (2007).

[8] State v. Bonds, 98 Wn.2d 1, 8-9, 653 P.2d 1024 (1982).

reasonably trustworthy information, sufficient to cause a reasonable officer to believe a crime has been committed.[9]

Officer Iverson arrested Jones for possession of drug paraphernalia, a misdemeanor. RCW 10.31.100 states, "A police officer may arrest a person without a warrant for committing a misdemeanor or gross misdemeanor only when the offense is committed *in the presence of the officer*."[10] "An important reason for suppressing evidence from unlawful misdemeanor arrests is to discourage 'pretext' arrests for misdemeanors in order to search for evidence of more serious offenses."[11]

The court concluded the arrest for possession of drug paraphernalia was unlawful under RCW 10.31.100 because it did not occur in Officer Iverson's presence. The State concedes this point, but argues the arrest was lawful because Officer Iverson did have probable cause to arrest Jones for possession of a controlled substance, a felony.[12] Under RCW 10.31.100(1), an officer can make a warrantless arrest for a felony offense without personally witnessing the crime.[13]

---

[9] State v. Gaddy, 152 Wn.2d 64, 70, 93 P.3d 872 (2004) (emphasis omitted).

[10] (Emphasis added.)

[11] Bonds, 98 Wn.2d at 10.

[12] RCW 69.50.401; see State v. Huff, 64 Wn. App. 641, 646, 826 P.2d 698 (1992) ("[A]n arrest supported by probable cause is not made unlawful by an officer's subjective reliance on, or verbal announcement of, an offense different from the one for which probable cause exists.").

[13] State v. Barron, 170 Wn. App. 742, 751, 285 P.3d 231 (2012).

4

The State argues Officer Iverson had probable cause based on the photograph of Jones in her car and Jones's statement to aid workers that she was tired. Officer Iverson testified the photograph showed tinfoil that contained burn marks, "that we call snail trials."[14] Officer Iverson testified that based on his training and experience, snail trials are indicative of heroin use. As to Jones's statement to aid workers, Officer Iverson testified, "From my experience, [fatigue is] a side effect of being under the influence of heroin."[15] These facts and circumstances were sufficient to cause a reasonable officer to believe Jones possessed a controlled substance.[16] Thus, Officer Iverson had probable cause to arrest Jones for possession of a controlled substance.

Further, although Officer Iverson's search of Jones's car exceeded the limitation for searches incident to a lawful arrest,[17] Jones consented to the search. To be valid, "(1) the consent must be voluntary, (2) the person granting consent must have authority to consent, and (3) the search must not exceed the scope of

---

[14] RP (May 19, 2016) at 11.

[15] Id.

[16] See State v. Rose, 175 Wn.2d 10, 22, 282 P.3d 1087 (2012) ("The circumstances of the stop and arrest of Rose clearly reflect that Officer Croskey had a plain view of a glass pipe, with a white residue inside, that in his training and experience he suspected were consistent with drug possession . . . . We affirm the Court of Appeals and hold that based on the facts actually known to Officer Croskey at the time of the stop and arrest, probable cause existed for a warrantless arrest for possession of a controlled substance.").

[17] See State v. MacDicken, 179 Wn.2d 936, 940, 319 P.3d 31 (2014) ("There are two types of warrantless searches that may be made incident to a lawful arrest: a search of the arrestee's person and a search of the area within the arrestee's immediate control.") Officer Iverson recovered the heroin from the console of Jones's car after she no longer had "immediate control" over the area.

the consent."[18] Officer Iverson testified that he asked for Jones's consent to search her vehicle. He read her a permission to search form, and Jones signed the form, voluntarily authorizing Officer Iverson to search her car.

We conclude the trial erred when it concluded the arrest was unlawful. Without deciding whether the trial court properly applied the attenuation doctrine, we conclude the trial court properly admitted the evidence obtained incident to the lawful arrest and consensual search.

Affirmed.

WE CONCUR:

---

[18] State v. Reichenbach, 153 Wn.2d 126, 131, 101 P.3d 80 (2005).